(91 South. 736)

No. 24549.

## CRAFT v. GULF LUMBER CO.

(April 3, 1922.   Rehearing Denied April 24, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** ⬀382—**Settlement of compensation claim without court's approval not binding.**

The settlement by an injured employé, without approval by the court, for $15, of his claim for compensation for which he was subsequently awarded $2,970, was in violation of Employers' Liability Act, § 8, subsec. 8, and not binding on the employé.

2. **Constitutional law** ⬀275(2)—**Master and servant** ⬀347—**Statute requiring approval by court of compensation settlement valid.**

Employers' Liability Act, § 8, subsec. 8, prohibiting lump sum agreements without approval by the court, and limiting the rate of discount, is not unreasonable or unfair to the employer, and does not restrain liberty of contract, in violation of Const. U. S. Amend. 14.

3. **Master and servant** ⬀405(6)—**Findings as to extent of compensable injury sustained.**

In a suit under the Employers' Liability Act, evidence as to whether a hernia was caused by the injury *held* to support the trial court's findings as to the extent and seriousness of the injury.

4. **Master and servant** ⬀387 — **Additional compensation held not allowable for impairment of physical function.**

Employers' Liability Act, § 8(e), authorizing proportionate compensation for an injury permanently impairing the usefulness of any physical function, does not allow additional compensation, where compensation is allowed under other provisions of the statute.

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Suit under the Employers' Liability Act by Armsted Craft against the Gulf Lumber Company for compensation for injuries. Compensation was awarded, and the employer appeals. Affirmed.

W. W. Thompson, of Leesville, for appellant.

Fern M. Wood and Hardin & Hardin, all of Leesville, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

THOMPSON, J. This suit is for compensation under the State Employers' Liability Act, Act 38 of 1918.

The plaintiff alleges that he was employed to work at defendant's sawmill, and was assigned to straightening lumber on the transfer table behind the edger, for which he was paid $3 per day or $18 per week; that while

engaged in said work, a large piece of lumber fell from said table and struck him in the lower right side of his abdomen with such force and violence as to produce a large hernia; that the injury is permanent, and disables him from doing work of a reasonable character, and that he is entitled to compensation for 400 weeks, as for permanent total disability.

The defendant admitted the employment and the amount of wages as alleged, and admits that plaintiff was injured while engaged at work under said employment, but it is alleged that the injury was slight, and did not cause the development of any hernia whatever; that the hernia complained of was of long standing, and was in existence long prior to the time plaintiff was employed. It is alleged that plaintiff, within 10 days after the accident, resumed his labors at the same work, and continued to work until after the filing of this suit.

The defendant also pleaded estoppel based on a settlement with plaintiff for which a final receipt and release was executed by plaintiff. It is further pleaded that the provision of the act requiring the approval of the court to any settlement between employer and employee is unconstitutional, in that it denies the equal protection of the law and denies the liberty of contract and violates the Fourteenth Amendment to the federal Constitution.

The court overruled the plea of estoppel and unconstitutionality of the statute, and gave plaintiff judgment for 55 per cent. of the weekly wages for 300 weeks, as provided in section 8 (a) of Act 38 of 1918.

### Plea of Estoppel and Unconstitutionality.

The plaintiff was injured on August 8, 1919, and two weeks thereafter the defendant prepared and got plaintiff to sign an acquittance and release in full for all compensation due under the law for the injury received. The amount paid him was $15. The settlement was not presented to the court for its approval. Subsection 8 of section 8 of the act provides that amounts payable under the act may be made in a lump sum by agreement of the parties, if approved by the court, as being solely and clearly in the interest of the employee or his dependents. But it is expressly provided that the discount of the amounts due the employee in any such settlement shall not be greater than 6 per cent. per annum. And it is further provided that if such lump sum settlement be made without the approval of the court, the employee or his dependents shall be at all times entitled to demand and receive from the employer such additional payments as may be due under the act.

[1, 2] It is clear that the settlement made with the plaintiff was in violation of the express terms of the statute, and was not binding on him. The object and purpose of the act as declared in its title was to prescribe the liability of an employer to make compensation for injuries received by an employee and to regulate the manner of making payments, and the provision in question was to prevent an evasion of the terms of the act by an employer and an imposition on the employee in just such cases as we have here, wherein, if the judgment of the lower court is correct, the employer settled wages due under the terms of the act amounting to $2,970 for the trifling sum of $15. It was within the power of the Legislature to regulate such matters, and we do not find that the provision complained of is unreasonable or unfair to the employer, nor that it is any restraint on the liberty of contract. The Compensation Act was admittedly passed, not only in the interest of the employer and employee, but in the interest and for the general welfare of the public as well. The enforcement of its provisions and the manner and method of settlement is left largely by the statute to the discretion and judgment of the court where the injury occurs and the compensation becomes due. In requiring con-

tracts of settlement between an injured employee and his employer to be submitted to the court for its sanction and approval, the lawmaking power was within the proper and reasonable exercise of its police power and of the public policy of the state.

## On the Merits.

[3] The defendant admits in its answer, in the evidence and in the brief of counsel, that the plaintiff received an internal abdominal injury, and the only controversy is as to the extent and seriousness of the injury.

The physician who was in the employ of the company at the time testified that when he first examined the plaintiff after the injury he did not find any objective symptoms, but he did find a hernia, which in his opinion was of long standing. He further testified that in his opinion the injury had nothing to do with the hernia. He was frank, however, to admit that he did not know what kind of hernia the plaintiff suffered from. We are strongly persuaded from the evidence that at the time the plaintiff received the blow in the lower part of the abdomen he had a hernia in process of development, which was quickened and greatly accelerated by the blow he received. The plaintiff had never used a truss before, but the physician furnished and fitted him with one soon after the injury. Dr. Perkins, who had no interest in the case, testified as follows:

"Q. You have examined him [meaning plaintiff]? A. Yes.

"Q. Has he a well-developed hernia? A. He has.

"Q. Could you tell, in making your examination, whether it was of long standing or of recent standing? A. No, sir.

"Q. You have heard the testimony he gave of the accident, and how the hernia was brought about, did you? A. Yes, sir.

"Q. Is that, the history of the accident, what you would expect to find in a case of that kind? A. The history is very significant of a traumatic hernia, and could be expected in a case of traumatic hernia.

"Q. Suppose a man is sitting down, and as he is rising up he is struck by a timber 6 by 8 by 24 feet long, that falls from 2½ feet and struck him in the abdomen. Would you expect a traumatic hernia to result from it? A. If he was struck in the region of the external abdominal ring, it is possible for him to have a traumatic hernia.

"Q. Then you would expect a hernia to develop immediately? A. Yes."

The plaintiff resumed his work, but had to quit, and he testified that he could do no work which would require him to stand up. Dr. Perkins also testified that he did not consider plaintiff able to do any heavy work, and that it would be dangerous for him to do any work that required any standing. The plaintiff is 60 years of age, and, with a traumatic hernia produced or brought about by the lick he received, necessitating the constant use of a truss, we are satisfied that he has been rendered incapable of doing the work that he was engaged in, which was light work or any other work of a reasonable character. He is entitled to the compensation claimed. The district judge, who heard all of the testimony and had the plaintiff and the witnesses before him, so decided, and we are not able to say that he erred.

[4] The plaintiff has answered the appeal, praying for an additional allowance for 100 weeks for the permanent and serious impairment of an important physical function, but additional compensation is not allowable where compensation is allowed under other provisions of the statute. Section 8 (e), Act 38 of 1918. Besides this claim is only made in the alternative in plaintiff's petition.

It is therefore ordered that the judgment appealed from be affirmed at appellant's cost.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.