### No. 2461
### Second Circuit

---

### MATTHEW BURTON v. KAUCHER, HODGES & COMPANY

---

(November 4, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Laws—Par. 84, 85; Master and Servant—Par. 160 (k).

Construing Section 21, subsection 2 of the Workmen's Compensation Law, Act No. 20 of 1914, together with Act 124 of 1906, an attorney in a Workmen's Compensation Law case can reasonably charge one-third of the amount that may be recovered as his fee and this contract gives the attorney a privilege on any judgment he may recover for his client to secure the payment of his fee.

2. Louisiana Digest—Master and Servant—Par. 154, 159, 159 (a).

An injured employee suing under the Workmen's Compensation Law, Act No. 20 of 1914, Section 8, subsection 1 (a) as amended by Act 216 of 1924, may recover compensation for and during temporary total disability and after such disability shall have ceased may recover compensation under Section 8, subsection 1 (e) of the same act.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a suit under the Workmen's Compensation Law, Act No. 20 of 1914, brought by an injured employee for compensation. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Julius T. Long, of Shreveport, attorney for plaintiff, appellee.

Wilkinson, Lewis and Wilkinson, of Shreveport, attorneys for defendants, appellants.

STATEMENT OF THE CASE.

REYNOLDS, J.    This is a suit under the Workmen's Compensation Law of Louisiana.

Plaintiff's petition alleges:

In paragraph 1: That defendants are indebted to him for compensation at the rate of $13.65 per week for 109 weeks, beginning December 10, 1924, with legal interest on each installment until paid.

In paragraph 2: That on or about December 10, 1924, while working for defendants on a steam pile driver in Caddo parish, Louisiana,

"and while he was actually holding an end of a rope and pulling same which was attached to what is known as the nigger head of said driver his right hand and fingers thereon were caught in the said rope and the movement of the nigger head pulled his right hand against the nigger head and other objects, thereby seriously and permanently injuring and impairing the usefulness of his said hand, permanently and seriously crooking the little finger on the said hand, and although the said little finger is yet on his hand it is of no service whatever to him, and seriously and permanently impaired; that his hand and finger were sore and in the healing period so he was unable to do any kind of work for nine weeks after he was thus injured. That at the time he was thus injured he was working for and receiving a wage or daily rate of pay of twenty-one dollars per week."

In paragraph 3: That he received his said injuries while performing duties incidental to his employment in the course of his employers' trade, business and occupation of moving dirt by machinery, driving piling in the ground with machinery and doing general construction work.

In paragraph 4: That he and defendants are unable to agree upon a settlement of the amount of compensation that is owing to him for his injuries; that the defendants did not furnish him with hospital services, and that he had to supply himself with food and medicines at home and did so at a cost of over fifty dollars. That since the accident the defendants had paid him $48.75 which should be credited on the amount he was compelled to spend in lieu of the hospital and medical services defendant failed to give him.

In paragraph 5: That he made contract to give to his attorney, Julius T. Long, for his professional services one-third of whatever amount may be awarded him in the suit.

In paragraph 6: That soon after he received his injuries defendants became aware of the nature, cause, time, place and extent thereof.

There is a prayer for judgment for compensation at the rate of $13.65 per week for 109 weeks beginning December 10, 1924, with legal interest on each installment from its maturity until paid, and that the contract between plaintiff and his attorney be approved.

Defendants moved that the allegations regarding the contract between plaintiff and his attorney be stricken from the petition on the ground that such contract is illegal, and in the event this motion should be overruled, they excepted that plaintiff's attorney was a necessary party to the action and that it could not proceed without him.

In the event this exception should be overruled, defendants denied the allegations of paragraphs 1, 2, 3 and 6 as written.

They admit that a dispute exists between them and plaintiff as alleged in paragraph 4 of the petition, aver that they have paid him more than $48.75 and deny the remaining allegations of the paragraph.

In answer to paragraph 5, they allege that the contract between plaintiff and his attorney is illegal and void.

Further answering they request that plaintiff be ordered to report to Doctor Guy A. Caldwell. for a physical examination. This request was granted, the plaintiff reported as ordered and Doctor Caldwell's report of the examination is in the record.

The district judge rendered judgment in favor of plaintiff for $11.75 per week for sixteen weeks and for $3.00 per week thereafter for one hundred weeks, the payments to begin December 17, 1924, less $122.95 to be deducted from the first payments falling due, with legal interest on each payment not consumed by the credit from its maturity until paid.

From this judgment defendants appealed, and in this court plaintiff has answered the appeal and asks that the judgment be amended so as to allow him $11.75 per week for 100 weeks instead of $3.00 per week for 100 weeks and that otherwise the judgment be affirmed.

## OPINION.

Defendants plea that the contract between plaintiff and his attorney whereby the latter is to receive one-third of whatever amount may be recovered in this suit as compensation for his services is illegal is not supported by the citation of any authority.

Act 124 of 1906 specially authorizes the making of such a contract by an attorney and his client, and in the case of Smith vs. Vicksburg, Shreveport & Pacific Ry. Co., 112 La. 985, such a contract was duly recognized by the Supreme Court.

Paragraph 2 of Section 21 of the compensation act provides:

"Fees of attorneys and physicians for services under this act shall be reasonable and shall be measured according to the workman's station and shall be approved by the court."

Under the two above mentioned acts this court has frequently approved contracts between attorneys and their clients where the court found such contracts reasonable, and we consider one-third of the amount that may be recovered in this case a reasonable fee.

Defendants' contention that the contract between the plaintiff and his attorney makes the latter a joint owner with him of the cause of action and that the suit should not proceed unless Mr. Julius T. Long be made a party to it cannot be sustained in law, for Act No. 124 of 1906, above mentioned, gives the attorney a privilege on any judgment he may recover for his client to secure the payment of his fees, and hence it follows that the attorney is not a joint owner with his client but only has a privilege.

Defendants insists that under the authority of Craft vs. Gulf Lumber Co., 151 La. 281, 91 South. 736, plaintiff having received full compensation for temporary total disability during sixteen weeks cannot now recover for the permanent impairment of the usefulness of a member or any physical function for 100 weeks under Section 8, subsection 1, clause (e) of the compensation act.

This clause reads as follows:

"In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a member or any physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in

cases of specific disability above named, not to exceed sixty-five per centum of wages during one hundred weeks."

Under this plain and unequivocal language we find no reason to refuse compensation under this clause of the act on the ground that plaintiff had already received compensation for a period of sixteen weeks for temporary total disability under another provision of the act.

In our opinion it is clear that an injured employee may recover compensation for and during temporary total disability and after such disability shall have ceased may recover compensation under clause (e) of subsection 1 of section 8.

We do not think that Craft vs. Gulf Lumber Company, 151 La. 281, 91 South. 736, supra, holds to the contrary, for in that case the court said:

"Besides this claim is only made in the alternative in plaintiff's petition."

The claim referred to by the court was one for 100 weeks additional compensation under clause (e) of subsection 1 of section 8, in the alternative, and in the same judgment the court awarded the claimant compensation for 300 weeks under a different provision of the act under his first claim.

In our opinion, under the authority of:

Quave vs. Batson & Co., 151 La. 1052, 92 South. 678.

Kinney vs. Edenborn, 151 La. 216, 91 South. 712.

Mack vs. Legeai, 144 La. 1017, 81 South. 694.

Harwood vs. Standard Oil Co., 1 La. App. 310, the judgment appealed from in this case is correct.

Defendants further insist that the amount allowed plaintiff is excessive; but the allowance was only $3.00 per week, the minimum permitted by the compensation act.

Plaintiff insists that the judgment should be increased from $11.70 per week during

total disability to $13.65 per week on the ground that he was receiving $3.00 per day and that 65% of $21.00 is $13.65 and not $11.70; but there is no proof in the record that plaintiff worked seven days in the week and under the general custom there are only six working days in the week, and in the absence of proof to the contrary we must presume that plaintiff only worked six days in the week. We do not feel warranted in changing the finding of the trial judge as to the number of days in the week the plaintiff worked from six to seven.

For the reasons assigned the judgment of the lower court is affirmed.