No. 2478
Second Circuit

P. G. KING v. F. C. McCLANAHAN, ET AL.

(November 4, 1925, Opinion and Decree.)
(December 17, 1925, Rehearing Refused.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 159, 159 (a).**

Under the Workmen's Compensation Act No. 20 of 1914 as amended by Act 43 of 1922, although the ability of the injured employee to work after the accident is made the measure of compensation, still the basis of the right of recovery is not the loss of earning capacity but total or partial disability to do work of any reasonable character.

(Note: Section 8, Paragraph 1 (e) is the only exception to this rule. Editor's note.)

2. **Louisiana Digest—Master and Servant —Par. 159, 159 (a).**

Section 8 of the Workmen's Compensation Act No. 20 of 1914 as amended by Act 43 of 1922, does not make the wages the workman actually earns after the injury the test of his capacity, but makes what he is able to earn under free and normal conditions the test.

(Note: Section 8, Paragraph 1 (e) is the only exception to this rule. Editor's note.)

3. **Louisiana Digest—Master and Servant —Par. 154, 156, 160 (a).**

The fact that the injured employee has been convicted of a crime and sent to the penitentiary will not affect his right to recover his compensation under the Workmen's Compensation Act No. 20 of 1914.

4. **Louisiana Digest—Master and Servant —Par. 154, 159, 159 (a).**

In the Workmen's Compensation Act No. 20 of 1914 the court has not the right to prophesy and fix a time in advance when compensation shall be reduced from the basis of total to that of partial disability.

5. **Louisiana Digest—Master and Servant —Par. 159, 159 (a), 160 (e).**

Where the injured employee, suing under the Workmen's Compensation Act No.

20 of 1914 is totally disabled but evidently will improve, the judgment of the court should give him compensation during disability not exceeding four hundred weeks. If the injured employee improves to partial disability the defendants have the right of review granted by the statute.

6.  **Louisiana Digest—Master and Servant —Par. 160 (k).**

Under Section 21, Paragraph 2 of the Workmen's Compensation Act No. 20 of 1914 a contract between an attorney and an injured employee in which the attorney's fees are to be one-half of the amount recovered is excessive, and is reduced to one-third of the amount recovered.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a suit brought by an injured employee for compensation under the Workmen's Compensation Act No. 20 of 1914. There was judgment for plaintiff and defendants appealed. Plaintiff moved for an increase of the judgment.

Judgment amended and affirmed.

Long and Crow, of Shreveport, attorneys for plaintiff, appellee.

E. W. and P. N. Browne, of Shreveport, attorneys for defendants, appellants.

CARVER, J.    Alleging total disability, on account of injuries received on July 5, 1924, in an accident arising out of and in the course of his employment as a carpenter by the defendant McClanahan, plaintiff sues McClanahan and his insurer the Maryland Casualty Company, in solido, for $18.00 per week for 400 weeks as compensation under the Workmen's Compensation Law, Act No. 20 of 1914 as amended by Act 43 of 1922.

Plaintiff's foot and ankle were hurt when he fell on a concrete floor from a scaffold, a heavy plank and two men falling also and landing on his ankle.

The district judge awarded plaintiff $18.00 per week for 96 weeks and $7.80 a week for the further period of his disability, not to exceed 300 weeks.

Defendants appeal, and plaintiff moves in this court to amend the judgment by awarding $18.00 per week during disability, not to exceed 400 weeks.

I.

Defendants urge that no compensation at all should be awarded after October 5, 1924, because on that day plaintiff was sentenced to the state penitentiary for a period of ten years. Their counsel say they have searched the reported decisions of both Europe and America and cannot find a case in point. Their argument is that the compensation law is mainly an economic and not a philanthropic or insurance statute; that the basis of recovery where that can be ascertained, is reduction of earning capacity; that plaintiff's voluntary act in commiting a crime has created a situation which deprives him of earning capacity or at least prevents ascertainment of the reduction thereof and that therefore he is without right of recovery.

We do not think this reasoning sound. It is true that former earning capacity in case of total disability to work and reduction of earning capacity in case of partial disability to work are made the measures of compensation, but the basis of the right of recovery is not loss of earning capacity but total or partial disability to do work of any reasonable character. If the injury does not produce disability to work, total or partial, there can be no recovery. If it does produce such disability, then the injured workman is entitled to recover.

We think plaintiff's ability to work can be as well tested in the penitentiary as out of it. There is need for carpenters' services there and if the authorities see that plaintiff is able to work they will no doubt take such steps to test his ability as would not be possible outside. In case he regains

full ability, his right to compensation will cease. In case he regains partial ability it will be as easy to ascertain what then his earning capacity will be as if he were out of the penitentiary. The act does not make the wages the workman actually earns after the injury the test of his capacity but makes what he is able to earn the test. By this we understand, of course, what he is able to earn under free and normal conditions and without the intervention of other causes that may further reduce his earning capacity. If this capacity is further reduced by other causes, he cannot look to the defendants for that part of the reduction due to these other causes.

## II.

The evidence satisfied the district judge that the injury produced total disability to do work of any reasonable character and that this condition of total disability still existed at the time of the trial on May 12, 1925, nearly ten months after the accident.

Under the evidence we cannot say he manifestly erred.

Doctor Pirkle expressed the opinion that plaintiff with proper treatment would have a 75% recovery in a year.

Evidently adopting this view, the district judge allowed compensation for total disability for 96 weeks fixed (evidently 44 up to the time of the trial and 52 thereafter) and compensation for partial disability during such disability, not exceeding 300 weeks.

We think, though, that where as in this case the total disability has lasted so long and where there is no reason to expect it will end in a year, the court should not indulge in prophesy and fix a time in advance when compensation shall be reduced from the basis of total to that of partial disability.

The matter, in our opinion, should be left to await the event. If plaintiff does recover partial ability, as Doctor Pirkle expects, the defendants may avail themselves of the right of review granted by the statute.

See: Chandler vs. Oil Fields Gas Co., No. 2356, Court of Appeal, second circuit, (not yet reported);

O'Donnell vs. Fortuna Oil Co., 3 La. App. 462.

For these reasons it is decreed that the judgment of the lower court be set aside and instead thereof it is decreed that plaintiff have judgment against F. C. McClanahan and Maryland Casualty Company, in solido, for compensation at the rate of $18.00 per week during total disability, not exceeding 400 weeks, the first payment due July 12, 1924, with 5% per annum interest on each payment from the time of the maturity thereof, subject to a credit of $234.00 paid by the defendant Maryland Casualty Company.

Annexed to the plaintiff's petition in the suit is a contract with H. P. Long, one of his attorneys, agreeing that Long shall receive one-half of all sums that may be recovered, which contract the judgment of the district court approves. It seems to us that 50% attorney's fees in such a case as this is excessive; and while the plaintiff has not appealed from the judgment approving the contract and does not in this court ask for its modification, we think the statute places upon us the duty of disapproving contracts which, in our opinion, are excessive. We think 33 1-3% reasonable compensation. It is therefore decreed that this judgment be subject to the contract between plaintiff and his attorney Long, except that Long's compensation thereunder instead of being fifty per cent, is fixed at thirty-three and one-third per cent.

It is further ordered that defendants pay the costs of both courts.