## MUSGROVE v. LOUISIANA HIGHWAY COMMISSION et al.
### No. 1178.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

L. L. Morgan, of Covington, and E. R. Stoker, of Baton Rouge, for appellants.

C. D. Reed, of Oakdale, for appellee.

LE BLANC, Judge.

Plaintiff, who was formerly employed by the Louisiana Highway Commission, brings this suit for compensation as for total disability against his employer and the Union Indemnity Company, which carried the employer's liability insurance, for an injury causing a hernia, which, he alleges, he sustained on or about February 1, 1932, while he was engaged in the course of his employment. The suit was filed on May 18, 1932.

The case was put at issue by a joint answer filed on the part of both defendants on June 9, 1932. In this answer it is denied that plaintiff sustained any injury as alleged, and it is averred that if he sustained any injury or hernia while performing services incidental to his employment, it was sustained during the month of January, 1931, and his claim for compensation is therefore prescribed; suit having been filed more than a year thereafter. This plea of prescription constitutes the sole and only defense.

From a judgment in favor of the plaintiff awarding him weekly compensation at the rate of $10.53 for 400 weeks, and fixing the fees of the expert witnesses at $15, each, the defendants have taken this appeal.

Plaintiff in testifying about the accident and the injury which caused the hernia says that, on or about February 1, 1932, they were doing some grading work north of Reeves. The grader struck a root while he had hold of the wheel. It jerked and he pulled on it, and he noticed "that," as he expresses it, meaning no doubt that he was injured. He says as he continues on that he "turned around to George (George Le Blanc, a fel-

low employee) and caught myself and went on in and stopped at the house and I said something about it. I told him it was mighty rough and hurt me down there." In answer to a question by the court, he makes it plain as he indicated that he had been hurt in the right groin. Besides Le Blanc, another employee named Bagget was present.

Le Blanc in his testimony seems confused as to the time at which plaintiff complained about being hurt. He refers to it as having happened on an occasion when a truck in which they were hauling a load of gravel became bogged and they had to pry it up in order to release it. In attempting to fix the time at which this occurred, he says that it was about a year before the date on which the case was being tried, which would have made it about June, 1931; but, it appearing on the other hand that plaintiff was slightly injured in March of that year, Le Blanc's testimony no doubt refers to a complaint made by the plaintiff at that time.

Bagget, Musgrove's foreman, says that he has no recollection that plaintiff suffered a hernia while working under him. He never told him anything about it until March, 1932, which is shown to have been the time that Musgrove first consulted a doctor.

The testimony of these two witnesses is practically of no value in establishing the fact that plaintiff suffered a hernia as a result of the accident of February, 1932, as alleged in his petition. Le Blanc's testimony rather strengthens the conviction that he suffered a slight injury during the previous year, which, if it happened in March of that year, would be more than a year before suit was filed and would be barred by prescription under the statute.

Our impression, from reading plaintiff's own testimony, is that he paid absolutely no attention to this first accident and in fact continued to work for months after it happened. As a matter of fact he did not believe the second accident, on which he relies to establish his claim, was serious, as he again continued work for a few days after it occurred and when he went to consult a doctor did not really go to see him about the hernia, but about a bad cough he had and which caused him to feel pain in the region where he had the hernia. That he did then have a complete hernia is made certain by the testimony of Dr. J. G. Martin, who examined him on that occasion, fixing the time as about March or April, 1932. Dr. Martin could not determine the age of the hernia. He says that plaintiff was totally disabled, however, and should not work without a truss. Dr. L. F. Gray, who examined plaintiff in April, 1932, found a tumor mass in the right inguinal region which he diagnosed as an inguinal hernia on the right side. He obtained the impression that it was of fairly recent origin and states his reasons for believing that it was. Dr. R. G. Holcombe. expert witness for the defendants, examined plaintiff in May, 1932, and found a well-advanced hernia, which he imagines existed for several months.

Plaintiff experienced no particular pain or sensation on the day he claims to have sustained the hernia. Rather, he did not indicate the symptoms which usually accompany an injury of that character. As we understand the testimony, that may be because of the gradual development of the hernia itself which may have had its incipiency in the first strain of the tissues at the time of the first accident in March, 1931. He made a very poor witness and frequently the court had to ask him questions to get the information it desired. One of these questions was to fix the time when he first perceived the knot in his side which he stated was the first of February, and that was what induced him to go to the doctor.

In making a report to Mr. E. M. Scarborough, division maintenance superintendent for the Louisiana Highway Commission, about March, 1932, Musgrove told him about the stinging sensation he felt in his side about a year before on the occasion when they were prying the truck that was bogged on the highway. In the formal report that was made to the Highway Commission, based no doubt on the information given by plaintiff to Scarborough, the date of the accident was given as of January, 1931. This date was subsequently, at plaintiff's request, changed to February, 1932. Counsel for defendant make much of this requested change in assailing the testimony of Musgrove. We believe, however, that this circumstance rather indicates his desire to tell the truth and that when he ascertained what his rights in claiming compensation would be he was justified in requesting the change which was properly made.

We are of the opinion, as was the district judge, that the evidence fairly discloses that Musgrove suffered a slight accident in March, 1931, which perhaps may have caused the weakening of the tissues in the right inguinal region, but did not produce a hernia. At any rate, it is positive that the injury at that time was not of such nature as to incapacitate him as he continued to perform the same services or other hard work for more than a year and until the second injury. It seems to us to have been a case of a hernia which was in the process of slow and gradual development, "which was quickened and greatly accelerated" by the last injury which he says he sustained in February, 1932. In this respect the case may be said to be somewhat similar to that of Craft v. Gulf Lumber Co., 151 La. 281, 91 So. 736, from which some of the foregoing words are quoted. If the former injury merely produced pain or a stinging sensation without ob-

jective symptoms of hernia, and did not incapacitate the plaintiff, it would seem to us that that was not the accident producing an injury on which to fix his compensation, as certainly the statute does not contemplate that the employee should receive compensation unless he is disabled. It is the accident producing the injury that is the immediate cause of the disability shown to exist that, in our opinion, fixes the right to compensation. Here, it was the accident of February, 1932, that is shown to have produced such injury, and as the suit was filed in May of the year, clearly plaintiff was in ample time to save his claim from the bar of prescription.

The judgment of the lower court which, in effect, overruled the plea of prescription and awarded plaintiff compensation, is in our opinion correct, and it is therefore affirmed.