## STOVALL v. S. BENDER IRON & SUPPLY CO. et al.[*]

### No. 4733.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

John C. Hollingsworth, of New Orleans, and C. B. Emery, of Shreveport, for appellants.

Sidney G. Myers, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff, while in the employment of defendant, S. Bender Iron Works & Supply Company, Incorporated, and while actively performing duties incident to such employment, on September 23, 1932, suffered personal injury to his left leg as a result of an accident. He sues his employer and its insurer, Metropolitan Casualty Insurance Company, for compensation as in case of permanent total disability. There is now no denial of plaintiff's contention that he was injured as claimed by him, and, further, it is not contended by defendants that he does not now suffer from such injuries; but defendants do seriously controvert plaintiff's allegations that his disability is now total and one of a permanent character. Plaintiff experienced an accident in the year 1928, in which his left leg, at practically the same location as was the 1932 injury, was seriously injured. Defendants' position is that the present injury of which plaintiff complains is the effect of the injuries of the first accident.

The learned judge of the lower court has favored us with a well-written opinion in this case. He deals at length with the facts and issues involved, and with cogent reasoning awarded plaintiff judgment. This opinion we adopt as our own, and here incorporate it in full:

"The plaintiff in this case seeks to recover compensation for 300 weeks, based on an earning capacity of $2 per day for 6 days per week.

"On or about the 23d day of September, 1932, the plaintiff was engaged in dismantling an old refinery for the defendant, S. Bender Iron Works & Supply Company, Incorporated, together with a gang of four or five men, in tearing out 4-inch pipe which was embedded in the cement walls of the old building. Plaintiff testified that, while standing on a platform and working with chain tongs attached to a section of 4-inch pipe, endeavoring to loosen same, the pipe suddenly became disengaged and fell from its position above his head, and, with the chain tongs still attached to the pipe, struck him just above the knee and knocked him over the platform. Some of the defendants' employees took the plaintiff to the North Louisiana Sanitarium, where he remained for a period of 27 days.

"The plaintiff's backbone was injured, but has completely healed, and the injury to his backbone is not at this time a subject of controversy. The injury to plaintiff's leg is the matter upon which the court is called upon to pass.

"The plaintiff is claiming total and permanent disability resulting from calcium deposit in the muscles and tissues at the point of injury just above the knee.

"The experts who testified in the case describe the plaintiff's present condition as osteoperiostitis and ossifying myositis.

"The issues to be determined in this case are somewhat complicated by the fact that the plaintiff sustained in 1928 while working for one of the glass companies situated in or near Shreveport, an injury to his left leg at about the same point where it was injured while working for the defendant, S. Bender Iron Works & Supply Company, Incorporated, in September of 1932.

"Plaintiff himself testified that he is a com-

---

[*]Rehearing denied March 2, 1934.

mon laborer, without education, and not qualified to do any sort of work except common labor.

"The injury sustained by the plaintiff in 1928 was quite serious, and resulted in disability to do any kind of work for a period of 7 months, during which time he was under treatment by Dr. Durham and Dr. Gorton. At the end of that period he appears to have been discharged as being well enough to return to work, and from his own testimony it appears that he did return to work for the same company, and subsequently worked for other concerns; and at the time of his injury in September, 1932, was working, and had been working, for the S. Bender Iron Works & Supply Company, Incorporated, for 3 days.

"There was a large amount of expert testimony adduced on the trial of the case. Dr. T. J. Fleming and Dr. S. C. Barrow testified for the plaintiff. Dr. A. A. Herold, Dr. B. C. Garrett, Dr. Guy A. Caldwell, Dr. H. A. Durham, and Dr. Marion Gorton testified as experts, all for the defendant, except Dr. Caldwell, who filed a written report and opinion, based on a history given by the plaintiff and on personal examination made by himself.

"Dr. Caldwell's report favors the plaintiff's contention in the case, and appears to have been filed by the plaintiff. Dr. Caldwell's report concludes in these words:

" 'His disability at this time for manual labor is total because the condition of the muscle is still active and it is reasonable that it should prevent his standing and walking for more than 30 minutes, at the time, as he has stated.

" 'Treatment of the condition is not very satisfactory. It tends to improve spontaneously over an indefinite period, sometimes a few months, sometimes several years. When the mass has become clearly defined and uniformly calcified, it can be removed by operation with fairly satisfactory results. No one could predict in the case of this patient just when the disease would reach the stage at which it could be operated upon, but certainly it would be a matter of 6 to 12 months perhaps considerably longer. In the meantime, disability will continue very much as it is, that is, almost total. After the mass has become calcified, if it is removed by operation and a good result obtained, he would have practically no permanent disability. If operation is not done, the permanent disability at that time resulting from weakness of the affected muscle and limited motion, would probably be from 25% to 50% of the use of the leg.'

"The defendants contend that the plaintiff's present disability results largely from an injury to the same leg which was sustained in 1928.

"The testimony of all of the experts, with the possible exception of Dr. Gorton, is the same on one point, namely, that at the present time the plaintiff is disabled and is incapacitated from doing common heavy labor, of the kind he has been accustomed to do and was doing at the time he received the injury here complained of.

"A majority of the experts unite in the opinion that the plaintiff's incapacity is probably temporary; and that, after the condition described as ossifying myostitis has fully developed, the plaintiff can be relieved by an operation. The testimony also makes it certain that the plaintiff is not at this time ready for an operation; that the condition resulting from calcium deposit in the muscles has not yet fully developed. The plaintiff himself testified that, whereas he suffered no inconvenience from his leg prior to the last accident, since that time he says he is unable to work because his leg swells up and becomes very painful when he stands on same or walks for any length of time.

"At the time of the trial of the case, the plaintiff's leg was plainly swollen, and the court is convinced that at this time the plaintiff is not able to perform the work of a common laborer, such as the testimony shows he was performing at the time of his first injury, and also at the time of his last injury.

"The testimony of Dr. Gorton and Dr. Durham, who were appointed by the court to make an examination of the plaintiff, because they had treated him for the injury received in 1928, is to the effect that plaintiff was able to work when discharged by them after a treatment of seven months.

"Without any reference to percentages as to the extent of disability caused by the injury received in 1928, as compared with that caused by the injury received in 1932, we are of the opinion that the plaintiff's present incapacity was caused and precipitated by the injury received by him while working for the defendant, S. Bender Iron Works & Supply Company, Incorporated, in 1932. No other reason has been given by any one. In fact, we believe that no such reason could be given.

"On page 13 of this examination taken out of court, Dr. H. A. Durham testified as follows:

" 'Q. Do you think that a man's condition with the swollen muscles would be able to do strenuous manual labor, day labor such as tearing down pipe at a refinery, lifting heavy wrenches and so forth over a period of seven or eight hours a day? A. Do you mean at the present time?

" 'Q. Yes. A. I do not think that fellow would at the present time.'

"Previously Dr. Durham had testified that the plaintiff was able to return to work when discharged by him in 1928.

"The court is not able to determine with certainty whether the calcium deposit resulted from the injury in 1928, or whether from

the injury received in 1932, or from both. The experts themselves were unable to say with certainty.

"Inasmuch as the experts unite, however, in the opinion that the calcium deposit has not yet fully developed, and the plaintiff is not yet ready for an operation, it would seem to be reasonable that the present condition of the plaintiff's injury is bound to be largely due to the last injury instead of the first. It has been over 5 years since the plaintiff received the first injury, and up to the time of the last injury, following his discharge by Dr. Durham and Dr. Gorton in 1928, he had suffered no inconvenience in the use of his left leg, according to his own testimony, and there is none to the contrary.

"If any trouble existed due to the first injury and which can now be attributed to the first injury, that trouble was latent. And, even if there was some latent incapacity due to the old injury, his disability to earn a livelihood was caused by the injury while working for the defendant, S. Bender Iron Works & Supply Company, Incorporated, in 1932.

" 'Recovery in compensation cases' depends upon disability whether caused by injury alone, or in conjunction with a latent disease.' Craft v. Gulf Lbr. Co., 151 La. 281, 91 So. 736. See, also, Womack v. New Orleans Public Service, Inc., 5 La. App. 71; Hicks v. Meridian Lbr. Co., 152 La. 975, 94 So. 903; Connell v. Gilliland Oil Co., 2 La. App. 435; Hutchinson v. La. Cent. Lbr. Co. et al., 3 La. App. 413; Le Seur v. Rumbaugh, 6 La. App. 591; King v. McClanahan, 3 La. App. 117; Price v. Gilliland Oil Co., 3 La. App. 175.

" 'Recovery is not barred because of an old injury.' Connell v. Gilliland Oil Co., 2 La. App. 435; Behan v. John B. Honor Co., 143 La. 348, 78 So. 589, L. R. A. 1918F, 862; McMullen v. Louisiana Central Lumber Co., 2 La. App. 773; Broussard v. Union Sulphur Co., 5 La. App. 340.

"If it should hereafter develop that the plaintiff's condition changes for the better, either by reason of an operation or by reason of natural causes, the law provides for the amendment of the judgment which we shall render.

"It is our opinion that the plaintiff is presently suffering from a total incapacity to hold a job as a common day laborer. He is therefore, in our opinion, entitled to judgment for 65 per cent. of $2 per day, based on a 6-day week, during his disability, not, however, to exceed 300 weeks; subject, however, to a credit of $100 heretofore paid him by the defendants.

"Robert Roberts,
"Judge."

The judgment appealed from is affirmed, with costs.