## YOUMAN v. RAILWAYS EXPRESS AGENCY, Inc.

### No. 5925.

Court of Appeal of Louisiana.
Second Circuit.

June 28, 1939.

Rehearing Denied July 17, 1939.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant.

Harry V. Booth and Mitchell T. Monsour, both of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit to recover compensation against the defendant under

the Employers' Liability Law of the State of Louisiana, Act No. 20 of 1914. He alleged an accidental injury which produced total disability to perform labor of any reasonable character. The employment and wages are not disputed. Defendant denied that the accident alleged caused the present disability of plaintiff and alleged that plaintiff was not acting within the scope of the compensation act at the time of the accident, in that he was acting contrary to instructions from his superior officer.

The lower court found plaintiff to be totally disabled and awarded him compensation for not more than 400 weeks at the maximum amount of $20 per week, which was less than 65% of his weekly wage.

Defendant prosecutes this appeal. Plaintiff has answered praying for damages for frivolous appeal.

Plaintiff had been in the employ of the Railway Express Agency, Inc., since 1922. The business conducted by said corporation clearly brings it within the provisions of the compensation act. There is no longer any dispute as to this phase of the case. The record in this case conclusively shows that plaintiff is totally incapacitated for performing manual labor such as he was performing prior to the date of the accident alleged, which accident defendant does not now deny occurred.

During the year 1934 plaintiff hurt his back while discharging his duties under employment with defendant, while delivering a large trunk to a second-story apartment or room. He was at that time employed as a truck driver to deliver express packages. He lost some time from work on account of this injury and has suffered some with his back almost ever since that time, but not sufficiently to keep him from performing heavy labor for defendant.

On October 31, 1937, he was employed as "money clerk". This job required him to handle and move heavy objects. It was the duty of the "money clerk" or checking clerk to move into the railway express car a portable safe whenever the car did not contain a stationary one. On this day plaintiff was attempting to move into an express car a portable safe weighing from 500 to 600 pounds. When lifting the safe a pain struck him in the back, causing him to drop the end of it and to fall backwards. He finished moving the safe with the assistance of another employee of defendant, to whom he reported the accident and requested his help. The following day he reported the accident to his superior and ceased working on this job. He was then given a job of collecting, which required no heavy labor, at which job he worked for a week, and has not worked since.

It is defendant's contention that the injury received in 1934 is the sole cause of plaintiff's disability. There can be no doubt about plaintiff's back being more susceptible to injury after the accident in 1934 than it would have been previously. The injury, however, was not sufficient to keep plaintiff from performing heavy work up to the date of the last injury. The least that can be said is that the injury received on October 31, 1937, aggravated the old injury received in 1934, and caused the condition of the already weakened back to become so serious as to totally incapacitate plaintiff from heavy work; and the law and jurisprudence of this state is plain that such an injury is compensable.

It is admitted that the moving of the portable safe into the express car was a part of the regular duties of a checking or "money" clerk. This fact was shown by plaintiff and admitted by his superior. But defendant alleged and now contends that plaintiff, because of his weakened back, had been specifically instructed not to attempt to move a safe; and one superior officer testified that he had so instructed plaintiff about six months prior to the date of the accident. After the defendant offered this testimony, plaintiff took the stand in rebuttal and denied that he had ever been so instructed. Defendant complains that this testimony was not in rebuttal and was allowed over his objections, and should not be considered by us now. His contention is that it was part of plaintiff's case to be offered when putting on his case in chief. We disagree with this contention. When plaintiff proved that the moving of the safe was a part of the regular duties of the "money clerk", and he was injured in an accident while performing that duty, he made out a prima facie case. The defense that this particular part of his regular duties had been eliminated by special instructions was in the nature of a special defense, and when evidence was offered on that phase of the defense plaintiff was properly allowed to rebut it. Defendant had the burden of proving the special instructions alleged, and he has failed to meet it or overcome it.

There is no dispute among the doctors as to the condition of plaintiff's back and why

it disables him. To define his injury in technical medical terms could not be of any help or assistance to anyone. We therefore dispense with doing so.

The proof on every point necessary to make out a case under the Employer's Liability Law of Louisiana preponderates in favor of plaintiff.

We are convinced that defendant is serious in its contentions and that an appeal was not taken for the sole purpose of delay. Therefore the prayer for damages for frivolous appeal will not be allowed.

The judgment of the lower court is correct and it is affirmed with costs.