AYRES, Judge.
This is an action for workmen’s compensation wherein plaintiff was awarded compensation at the rate of $23.40 per week from July 27, 1953, to September 7, 1953, and $5.85 per week thereafter for 294 weeks, less payments previously made, and for $100 medical expenses.
The defendant appealed from the judgment and plaintiff has answered the appeal, praying he be awarded compensation as for total and permanent disability.
Plaintiff sustained accidental injuries July 27, 1953, while employed by defendant at a rate of pay of $1 per hour, 40 hours per week, in the operation of a lumber and' tie mill combination of the defendant located in Sabine Parish, Louisiana. Specifically, plaintiff was employed to run the edger and “tail” the saw, at said mill.
That plaintiff sustained accidental injuries of a disabling nature is amply established by the record. During the afternoon of the aforesaid date the carriage used in-conveying the logs to the saw “jumped” the track rails upon which it was operated. Plaintiff, with the assistance of others, engaged in lifting and placing this machinery-back on the track. The weight of the machine was approximately 2,600 pounds.. While so engaged, plaintiff strained and injured his lower back in the lumbosacral' area. The strain and injury, which were-then and there reported, required immediate medical attention. Accordingly, plaintiff was conveyed by automobile to the clinic-of Dr. O. L. Sanders in Converse, Louisiana, but soon thereafter was transferred to-the clinic of Dr. Prothro in Pleasant Hill',, Louisiana, where he remained hospitalized under the doctor’s treatment for eight days. Upon his release he returned home, and for several months was treated by Dr. Sanders.. Neither of these doctors testified in the case.. Apparently, their testimony was relatively unimportant as both plaintiff and defendant rested their case upon the findings and conclusions of Drs. Ford J. MacPherson, for plaintiff, and Carson R. Reed, Jr., for defendant, both orthopedic surgeons of Shreveport.
The issue presented pertains primarily to the extent and duration of plaintiff’s disability. The determination of this question is somewhat complicated by the fact that, seven or eight years previous to the accident herein specifically concerned, plaintiff sustained an accident, particularly to the upper portion of his back, wherein there was a massive fracture of the second lumbar vertebra, with considerable involvement of the first and third vertebra and an obliteration of the upper interspaces, the result of which was the formation of a kyphosis, commonly known as a “hunchback”, in the upper part of his back, with a compensating curvature of the lower spine, producing *763 a lordosis, commonly known as “sway back”.
On account of said accident and injury, plaintiff was disabled for a period of three years, after which he recovered to such an extent that he was enabled to resume work as a manual laborer for a period of five years and extending until the occurrence of the accident of July 27, 1953. The work performed by him in the meantime and particularly at the time he was injured on the aforesaid date was hard manual labor, requiring stooping, straining and lifting of heavy objects, such as railroad ties and lumber and slabs sawed therefrom.
The later injury was confined to the lower part of the back and principally to the lumbosacral region. While both orthopedists treated said injury as being more or less a strain of that area, the record strongly suggests that the old back injury was of such severity that plaintiff’s back was more susceptible to subsequent injury and recurring pain than would have ordinarily been the case. Particularly, the kyphosis, with the compensating reverse lower spinal curve, predisposes plaintiff to straining injuries, with the result that lifting or straining places further tension on that area.
As of the date of his examination, April 19, 1955, Dr. MacPherson found tenderness in the area of plaintiff’s lower back with persistent involuntary muscle spasms and that plaintiff was suffering pain. In his report the witness stated as his opinion that plaintiff had reached the maximum recovery from his injury of July 27, 1953, notwithstanding he remained incapacitated and disabled from performing heavy manual labor, due, in part, to the old fracture of the second lumbar vertebra, which predisposed him to lumbosacral degeneration, and, in part, to the later acute straining injury. The doctor’s belief was that if plaintiff should return to heavy manual labor he would have an immediate recurrence of incapacitating lumbosacral pain, with the possibility of complete disablement, which would require the performance of an operation to fuse or immobilize the spine. Consequently, the witness recommended that plaintiff remain at light labor indefinitely. His evaluation of plaintiff’s condition was that plaintiff was totally and permanently disabled and incapacitated from doing heavy manual labor, attributable both to the injuries received in the previous accident and to those received in the accident of July 27, 1953, in about equal proportions.
Dr. Reed’s testimony unquestionably indicates the existence of pain and difficulty in plaintiff’s back. He says that straight leg raising on the right by plaintiff, while recumbent, is limited to 30 degrees and on the left to 70 degrees, due to pain in the region of the lumbosacral joint. His opinion was that plaintiff sustained a normal strain to his back, which without complications, should have disappeared in the 15 or 16 months elapsing between the accident and the date of his examination. Nonetheless, Dr. Reed states that spurring noted in the region of the fifth lumbar vertebra could have developed in the same period of time. This spurring was said to evidence osteoarthritis capable of causing pain.
Following the aforesaid accident, plaintiff apparently performed no labor of consequence until September 10, 1953, when, due to the exigency of the situation and the needs of his family, he secured employment with Matthews Lumber Company, operating a mechanical log loader. He continued with this work with some degree of regularity until the date of trial. In the respect that this work was manual labor, it was comparable to his former work, otherwise, very dissimilar. His work at the saw mill required standing, walking, straining and lifting. In operating the loader, plaintiff was seated and the operation of the machine was carried on by means of levers, brakes and pedals operated by hand and foot. No walking, standing, straining or lifting was necessary or required. Undoubtedly, the operation of this loader constituted much the lighter work and it was to this to which Dr. MacPherson referred in recommending that plaintiff be kept on lighter work indefinitely.
Plaintiff’s ability to perform heavy manual labor of the kind and charac *764 ter lie was performing at the time he was thus injured has been so impaired as to constitute total and permanent disability within the intent and purpose of the Workmen’s Compensation Statute, LSA-R.S. 23:1021 et seq. His right to compensation is unaffected by the fact that the accident may have, and, in all probability, did activate, and aggravate a preexisting physical condition resulting initially from a prior accident. Notwithstanding said prior accident and the disabilities suffered by' plaintiff therefrom, he had recovered to the extent of regaining his ability to perform hard manual labor and performed labor of that character for five successive years thereafter and until the day of the later accident, since when he has not been able to perform work of the same or similar character. He is, therefore, in our opinion, totally and permanently disabled within the spirit and purpose of the statute.
It is defendant’s contention that the prior injury is the sole cause of plaintiff’s disability ; that the pain of which plaintiff complains was the result of the continual strain occasioned by the kyphosis in the upper region of the back and by the reverse curvature or lordosis in the lower lumbar region. As a consequence, it was contended that if plaintiff received any injury at all in an accident of July 27,. 1953, it was only a muscle strain from which he recovered within four weeks and for which he has been paid compensation. There can be no doubf about plaintiff’s back being more susceptible to injury after the first accident than it formerly was. After his recovery therefrom, however, whatever deficiency remained was not sufficient to keep plaintiff from performing heavy manual labor to the very date of the last injury. The least that can be said is that the injury received July 27, 1953, aggravated the old injury and caused the condition of the already weakened back to become so serious as to totally incapacitate plaintiff from heavy work. The law and jurisprudence of this State is plain that such an injury in compensable. Connell v. Gilliland Oil Co., 2 La.App. 435, 439; Youman v. Railways Express Agency, Inc., La.App., 190 So. 858; Broussard v. R. H. Gracey Drilling Co., La.App., 70 So.2d 713, 721; Castee v. Great American Indemnity Co., La.App., 81 So.2d 101.
Appropriate here is an expression of the trial judge, quoted and adopted 'by this court, in Stovall v. S. Bender Iron & Supply Co., La.App., 152 So. 387, 389, where a similar defense was urged. There it was stated:
“ ‘If any trouble existed due to the first injury and which can now be attributed to the first injury, that trouble was latent. And, even if there was some latent incapacity due to the old injury, his disability to earn a livelihood was caused -by the injury while working for the defendant, S. Bender Iron Works & Supply Company, Incorporated, in 1932.
“ ‘ “Recovery in compensation cases depends upon disability whether caused by injury alone, or in conjunction with a latent disease.” Craft v. Gulf Lbr. Co., 151 La. 281, 91 So. 736. See, also, Womack v. New Orleans Public Service, Inc., 5 La.App. 71; Hicks v. Meridian Lbr. Co., 152 La. 975, 94 So. 903; Connell v. Gilliland Oil Co., 2 La. App. 435; Hutchinson v. Louisiana Cent. Lbr. Co. [& Southern Casualty Co.], 3 La.App. 413; Le Seur v. Rumbaugh, 6 La.App. 591; King v. McClanahan, 3 La.App. 117; Price v. Gilliland Oil Co., 3 La.App. 175.
“ ‘ “Recovery is not barred because of an old injury.” Connell v. Gilliland Oil Co., 2 La.App. 435; Behan v. John B. Honor Co., 143 La. 348, 78 So. 589, L.R.A.1918F, 862; McMullen v. Louisiana Central Lumber Co., 2 La.App. 773; Broussard v. Union Sulphur Co., 5 La.App. 340.’”
By a preponderance of the evidence, it is shown that the work-week consisted of five days of eight hours each. Plaintiff’s wage was computed at the rate of $1 per hour. Therefore, 65 percent of his wage of $40 is $26, which he should recover weekly during the period of his disability, not exceeding 400 weeks, less and except com *765 pensation previously, paid, shown in the record to be $78.
For the reasons assigned, the judgment appealed is amended and recast to read as follows: -
It is therefore ordered, adjudged and decreed there be judgment herein in favor of the plaintiff, John L. Williams, against the defendant, J. M. Russell, for the full sum and weekly compensation of $26 per week beginning August 3, 1953, and continuing during plaintiff’s disability, not, however, beyond 400 weeks, together with five percent per annum interest on each of said weekly installments from its maturity until paid, and for all costs, including costs of this ! appeal, less compensation previously paid in the sum of $78.
It is further ordered, adjudged and decreed there be further judgment in plaintiff’s favor against the defendant for $100 for medical expenses incurred by plaintiff and that the fees of the experts, Drs. Ford J. MacPherson and Carson R. Reed, Jr., be and the same are hereby fixed in the sum of $25 each and taxed as costs.
Amended and affirmed.