(94 Souh. 903)

No. 23863.

## HICKS et al. v. MERIDIAN LUMBER CO.

(Nov. 27, 1922. Rehearing Denied Dec. 29, 1922.)

*(Syllabus by the Court.)*

1. **Master and servant** ⊚⟲376(2)—**Compensation recoverable for death of employee peculiarly subject to suffer from accident.**

Where the accident is the immediate cause of death, it is immaterial under the Workmen's Compensation Act whether or not the employee be or be not peculiarly subject to have such accident befall him or to suffer therefrom more than another differently situated; the sole question being whether the accident was the immediate cause of the injury.

2. **Master and servant** ⊚⟲405(4)—**Evidence held insufficient to show death from compensable injury.**

The evidence in this case *held* insufficient to show either that the deceased suffered the alleged accident or that said accident had any connection with his death.

*(Syllabus by Editorial Staff.)*

3. **Evidence** ⊚⟲271(16), 317(3)—**Declarations by deceased, several days after alleged accident, being hearsay and not against his own interest, held inadmissible.**

In workmen's compensation case for compensation for death, declarations made by deceased several days after an alleged strain that at the time he felt a pain in his chest, being mere hearsay and not against his own interest, were inadmissible.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Jas. Andrews, Judge.

Suit by Mrs. Annie Myrtle Hicks and others on behalf of herself and her minor children against the Meridian Lumber Company for compensation under the Workmen's Compensation Act for the death of her husband. From a judgment for defendant, plaintiffs appeal. Affirmed.

Robert R. Stone, of Lake Charles, for appellants.

Thornton, Gist & Richey, of Alexandria, for appellee.

By the WHOLE COURT.

ST. PAUL, J. Plaintiff, on behalf of herself and her minor children, claims compensation under the Workmen's Compensation Statute (Act No. 20 of 1914), for the death of her husband whilst in defendant's service.

The husband died at his home on Sunday, March 30, 1919, from the rupture of an aneurism of the thoracic aorta; and it is alleged that the aneurism was either caused, or hastened to rupture, by a strain suffered by the deceased on March 16th whilst hoisting some steel beams to a skidder boom. It is shown that he continued at his work one week longer, to wit, until March 23d; on which day he went home sick and sent for a physician, who informed him of the aneurism aforesaid and confined him to his home; where he remained until he died.

I.

[1] It is quite immaterial for the purposes of this case whether the alleged strain brought on the aneurism, or merely hastened the inevitable rupture; for this court would allow compensation in either case.

In Craft v. Lumber Co., 151 La. 281, 285, 91 South. 736, 737, we allowed compensation although we were "strongly persuaded from the evidence that at the time the plaintiff received the blow in the lower part of the abdomen he had a hernia in process of development, which was quickened and greatly accelerated by the blow he received."

In Hooper v. Standard Ins. Co., 166 Mo. App. 209, 148 S. W. 116, it was held that—

"Where a man is so afflicted that he will die from such affliction within a very short time, yet if, by some accidental means, his death is caused sooner, it will be a death from 'accident,' within the meaning of * * * an accident insurance policy."

In Carter Packet Co. v. Reinhardt, 13 Orleans Appeal, 462, it was held that—

"Where the accident was the immediate cause of death, it is immaterial under the (Workmen's Compensation) act whether or not the employee be or be not peculiarly subject to have such accident befall him or to suffer therefrom more than another differently situated; the sole question being whether the accident was the immediate cause of the injury."

And there can be no doubt that such is the law. Thus:

In Behan v. Honor Co., 143 La. 348, 78 South. 589, L. R. A. 1918F, 862, this court held that—

"The fact that an employee, injured in performing services arising out of and incidental to his employment in the course of his employer's occupation, was already afflicted with a dormant disease that might some day have produced physical disability is no reason why the employee should not be allowed compensation, under the employers' liability statute, for the injury which, added to the disease, superinduced physical disability."

## II.

[2, 3] But in the case before us we do not think that the evidence establishes with any degree of certainty whatever that the alleged strain suffered by the deceased had any connection with his condition. That evidence consists exclusively of alleged declarations by the deceased that at the time of the alleged strain he felt a pain in his chest which he attributed to the strain. But the declarations were, all but one, made several days after the alleged strain, and are clearly inadmissible in evidence, being mere hearsay and *not against his own interest.*

One declaration, made about an hour or so after the work was finished, might perhaps be considered as part of the res gestæ, but in that declaration the deceased merely said that he *then* felt a pain in his chest which he "guessed" must have been caused by the straining. And the evidence is also conflicting even as to whether the deceased took any part in the actual heavy work of raising the beams; two witnesses testify that he did, whilst others testify that he did not, but merely directed the hoisting; and the fact is that his position was that of superintendent, and that he had laborers at hand to do the very work which he is said to have done himself.

Finally, the wife of the deceased, who now brings the claim, and who had heard the alleged declarations of the deceased as to the strain he had suffered, made no claim whatever for compensation, until some six weeks after the husband's death; and then only by a demand made through her attorney.

On the whole we do not think that the evidence in this case shows with certainty either that the deceased took part in the actual hoisting of the beams, or that he suffered any strain on that occasion.

The trial judge found for the defendants, and we think his judgment correct.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.