No. 3688

Second Circuit

POWELL v. THE OHIO OIL COMPANY

(March 24, 1930. Opinion and Decree.)

Julius T. Long, of Shreveport, attorney for plaintiff, appellant.

Roy L. Benoit, of Shreveport, attorney for defendant, appellee.

WEBB, J. This action was instituted to recover compensation under the provisions of the Employers' Liability Act (Act No. 20 of 1914, as amended). Plaintiff alleged that, on May 12, 1928, while in the employment of defendant, a ladder on which he was standing gave way, and that he fell on his hips on a concrete block, resulting in injury to various members of his body, especially his spine and hips; that he was immediately disabled by the fall, but, after treatment for several days, he returned to his employment, although the pain caused by the fall had not ceased, and that he had been given lighter work, which he performed until about February 9, 1929, when, while in the course of his work, he sprained his back, greatly aggravating the previous injury, totally disabling him to do work of any reasonable character, and he prayed for judgment accordingly.

Defendant answered admitting that plaintiff had been employed by it and admitting the accident of date May 12, 1928, but denied that plaintiff had sustained any injury at that time which had disabled him, or that he had sustained any accidental injury on February 9, 1929, or that he was disabled.

Trial was had on June 9, 1929, and plaintiff appeals from a judgment rejecting his demands.

The evidence established that in February, 1929, there was a bony growth on three of the lower vertebrae of plaintiff's spine, which condition, it is conceded, indicates arthritis, a disease of the joints which physicians, called by the parties, agree is caused by focal infection and may be expected when the subject has diseased teeth, gums, and tonsils, as it is conceded was the case in the present instance. But the experts agree that when there is a focus of infection, an injury may localize the infection and cause the development of the disease in the injured tissue. And, as we gather, the theory of plaintiff's case is that he sustained an injury of his spine at the time of the accident on May 12, 1928, which had caused the development of the disease in that tissue, and that, on February 9, 1929, he sustained another accidental injury of the spine which aggravated the condition then existing and rendered him totally unable to do work of any reasonable character.

There was evidence introduced which, we are of the opinion, established that plaintiff had subsequent to the time he filed suit (March 16, 1929), done work of a very similar nature to that he did when employed by defendant, but, as stated, the evidence shows that the disease, arthritis, which is said to be an advanced stage of rheumatism, existed in February, 1929, and we assume it will be conceded that at that time there was some disability, and we consider whether or not the evidence establishes that the disability resulted from the accidental injuries sustained by plaintiff while at work for defendant.

The evidence established that there was not any indication of wounds, traumatic

lesions, or fractured bones, at the time of the trial, or in February, 1929, and, as stated, the disease had developed at the time of the alleged accident on February 9, 1929, and we assume that the evidence as to that incident was not introduced to show that the disease was aroused, but to show that there had been at that time an accidental injury of the physical structure of the body, or, more specifically, of the spine.

With relation to the incident, plaintiff said that some time in February, 1929, while he was lifting some object, his back hurt, and that he quit work, and had not been able to work since, while the evidence established that he worked through February, and until March 7, 1929.

Considering that plaintiff had an advanced case of rheumatism in February, 1929, the evidence at most merely shows he experienced a pain symptomatic of the disease, but does not show he sustained an accidental injury of the physical structure of the body or of the spine, and we do not think the evidence established that any injury was sustained by plaintiff in February, 1929, for which compensation could be allowed (see Hicks vs. Meridian Lumber Co., 152 La. 975, 94 So. 903; Young vs. Melrose Granite Co., 152 Minn. 512, 189 N.W. 426, 29 A.L.R. 506); and, passing the alleged injury of February, 1929, it is only necessary to consider whether the evidence established that the condition or disease existing in February, 1929, was the result of the alleged accidental injury of May 12, 1928.

Relative to that accident and its results, plaintiff said that he was immediately disabled, while the evidence conclusively established that he worked the day following the accident, May 13th, and until he called on a physician, on the 16th of May, who, plaintiff says, treated him for injuries sustained at the time of the accident, but the physician stated that he had not treated plaintiff for any injuries resulting from the accident, that plaintiff informed him of the accident, but that he did not find any evidence of injury, and that he treated plaintiff for an abscess which was not caused by trauma, and that during the period he treated plaintiff there was not any complaint of pain symptomatic of traumatic injury.

Plaintiff further stated that he had not entirely recovered from the pain caused by the fall, when he returned to work on May 24th, and that he had been given lighter work; but the evidence conclusively establishes that he was given the same employment as prior to the accident, and that he did not make any complaint of disability or pain until more than seven months after the accident.

The evidence does not present a case where the injured workman was disabled by the accident and continuity of such disability, or where the disease causing disability developed during the period of disability resulting from the accident, and we do not think that, conceding the fall, as related by plaintiff, was of sufficient violence to have injured the spine, and that, if the spine was injured, the disease may have been localized or developed in that tissue as the result of the injury (which is the hypothesis of the physicians called by plaintiff) the evidence establishes any basis for the hypothesis.

The fact that plaintiff worked three days after the accident, that he did not complain to the physician who treated him of any pain symptomatic of an injury of the spine, and that he worked seven months in the oil field after the accident without any complaint of pain sympto-

matic of such an injury, does not indicate that he sustained such injury. Antley vs. Louisiana Central Lumber Company, 11 La. App. 14, 122 So. 78. And it being shown that plaintiff's teeth, gums and tonsils were diseased, which condition is admitted to have been of itself sufficient to have accounted for the disease arthritis, without regard to the accident, we are of the opinion the evidence failed to establish any connection between the accident of date May 12, 1928, and the disease with which plaintiff was afflicted on February 12, 1929.

The judgment is therefore affirmed.