LAND, Justice.
 

 Relator claims for herself compensation under Act No. 20 of 1914, as amended, the workmen’s compensation statute, for the death of her husband, Pack Jackson, and also for his minor child, relator’s stepdaughter, while deceased was in the service of E. Foster Schuler, who was engaged in the business of logging, lumbering, and operating sawmills, and more particularly in cutting, buy
 
 *46
 
 ing, selling, and transporting railroad cross-ties.
 

 The defendant Travelers’ Insurance Company issued an insurance policy covering the liabilities of E. Foster Schuler, employer, under the workmen’s compensation statute of this state.
 

 Suit was brought by relator in the Eleventh district court for the parish of De Soto and judgment was rendered in favor of relator, as wife of deceased, against the defendants, E. Foster Schuler and Travelers’ Insurance Company, in solido, in the sum of $9.25 per week for a period of 82 weeks from May 6, 1932, and also in favor of relator for the minor child of deceased, in the sum of $6.50 per week for a period of 218 weeks from December 4, 1933, all overdue payments to bear legal interest from date of judicial demand; the contract of employment between relator and her attorneys, Jack and Jack, was approved, and their fees were fixed at 20 per cent, of the judgment and were ordered paid direct to the attorneys; the fees of the medical expert witnesses, five in number, were fixed at $25 each; and the fees of the notary and stenographer for depositions taken out of court were fixed at $52.75, and taxed as costs of court; and the defendants were condemned to pay all costs.
 

 This judgment was reversed on appeal to the Court of Appeal, Second Circuit, and the case is now before this court for review under the writ of certiorari herein granted.
 

 The reversal of the judgment is based upon the following conclusion reached by the Court of Appeal, Second Circuit: “We conclude that the death of Pack Jackson was directly due to active, progressive syphilis; that the ravages of the disease had so thinned the tissues of the veins in the walls of his stomach that a hemorrhage was liable to occur at any time under any conditions; that it did occur while he was at work, but that it was not caused, activated, or materially accelerated by any accident arising out of his employment.”
 

 It is also stated in the opinion of the Court of Appeal, Second Circuit: “The expert witnesses testifying for plaintiff are all physicians of the highest standing. Their opinions, where conflicting — for they by no means entirely conflict — cannot prevail over the positive testimony of the equally eminent mem: bers of the medical profession who performed an autopsy.”
 

 On May 6, 1932, deceased was engaged in loading cross-ties for Mr. Schuler, his employer, at- or near Longstreet, De Soto parish. For six year's he had been employed in this kind of work, and had performed same ably and efficiently, and was apparently in the best of health. On this particular occasion, deceased was engaged, with the assistance of a fellow workman, in lifting cross-ties, weighing between '200 and 300 pounds, and placing them upon the shoulders of a third workman, who then took the ties to a box car. He had worked from 7 o’clock in the morning of May 6th until about 10 o’clock, when he and his co-worker picked up a tie, and had raised it to about the height of a man’s shoulder, when deceased dropped his end and exclaimed: “I done jerked a kink in my side!” Soon thereafter he spat up blood, later had a hemorrhage of the stomach, and continued to have them at. intervals un
 
 *48
 
 til he died some five or six day's afterward from hemorrhage of the stomach. An autopsy was held and the full and complete findings reduced to writing. From such data all the doctors in the case testified.
 

 In our opinion the fact that Dr. Butler performed the autopsy places him in no better position to testify than the other doctors, as his testimony is based upon the same findings used by all the other doctors in the case.
 

 Eight physicians testified at the trial, and all of them, with the exception of three, were of the opinion that the death of the deceased was hastened by the accident. Dr. Butler would not state whether or not this was the case.
 

 The credibility of the doctors is not at all at issue. It appears, therefore, that the fair preponderance of the medical testimony is to the. effect that the accident caused by the heavy work hastened the death of the deceased, and that the strain he underwent, due to his weakened physical condition, was the cause of the hemorrhage of the stomach that resulted fatally.
 

 Under this state of facts, our conclusion is that the death of the deceased was caused by an accident arising out of his employment; that the injury, added to the disease, super-induced the physical disability that ended in the death of deceased; and that relator is entitled to compensation, under the well-settled jurisprudence of this court Behan v. John B. Honor Co., 143 La. 350, 78 So. 589, L. R. A. 1918F, 862; Fox v. United Chemical & Organic Products Co., 147 La. 865, 86 So. 311; Craft v. Gulf Lumber Co., 151 La. 281, 91 So. 736; Hicks v. Meridian Lumber Co., 152 La. 975, 94 So. 903.
 

 It is ordered that the judgment of the Court of Appeal, Second Circuit, be annulled and reversed. It is now ordered that the judgment of the Eleventh district court for the parish of De Soto be reinstated and affirmed, and that defendants pay all costs.