This is a suit for compensation under Act No. 20 of 1914, as amended.
Mrs. Carie S. Mitchell, individually and for the use and benefit of her three minor children, prays for judgment in the amount of $20 per week for a period of 300 weeks for the death of her husband, who was employed as a carpenter at the time of the alleged injury by W. Horace Williams Company in the construction of United States Army Camp Claiborne, in Rapides Parish, Louisiana.
The Employers' Liability Assurance Corporation, Limited, of London, England, is the compensation insurer of the employer and is made defendant herein.
Plaintiff contends that her husband was injured in an accident while at work in his regular employment on January 31, 1940, and died as the result thereof on February 3rd following.
The defense is that plaintiff's husband died from natural causes; that there was no accident and the labor he was performing on that day did not have any connection whatsoever with his death.
The lower court found for defendant and plaintiff is prosecuting this appeal.
The deceased with other carpenters was engaged on January 31, 1940, in demolishing the framework or wooden forms which had been used in pouring a concrete vault. His work required him to stand on a platform and use a 30-inch crowbar ordinarily used in such work. It required him to reach above his head and pry the boards loose. After the boards had fallen he assisted in removing them from the vault. Deceased began work on this day about 8 o'clock A.M., and the job was finished at 10:30 A.M. However, before it had been finished, he gave his crowbar to another workman saying it hurt his stomach to do the job. He continued his work on the ground and workbench until noon. At approximately 3:30 P.M., deceased was sitting down near the workbench and complained of his stomach hurting. He went to the First Aid Department on the premises, complaining of his stomachache. At that time inquiry was made of him as to whether he had injured himself, to which he replied, — "no".
Deceased was given a dose of soda and possibly some other medicine and at his request was sent in one of the ambulances to get his tools. After arriving at the usual place of work where his tools were, deceased was severely stricken with a stomach ailment and an ambulance was called. He was placed in it and carried to the First Aid Department from where he was sent to a Charity Hospital, was operated on and later died.
It is certain deceased died from a rupture of a duodenal ulcer of a progressive nature and of long standing. The medical testimony in the case makes it certain, to our minds, that the rupture or breaking through did not occur until a short time before the ambulance was called to carry deceased to the Charity Hospital. The medical testimony is convincing that whenever a rupture or breaking through occurs it causes immediate shock and severe pain and that it would have been impossible for deceased to continue any kind of work after such an attack. This being true, it is certain that deceased did not receive an injury while working for his employer on the morning of January 31, 1940.
The medical testimony and medical authorities placed in the record preponderate to the effect that a strain or the hard work claimed to have been done by the deceased could not have caused the rupture and that such a rupture can come when one is asleep. The medical men have given a full explanation of why a strain caused from labor such as deceased was doing could not cause the rupture of the duodenal ulcer and we accept it. Therefore, it is unnecessary for us to explain it here.
Deceased made no outcry at any time. He merely said to a fellow employee that his stomach was hurting. He never claimed to anyone that he had an accident but to the contrary told a nurse and a doctor on the day alleged that there had been no accidental injury.
If the rupture had occurred while deceased was in a strained position prying off a plank or while he was carrying a heavy piece of timber, the doctrine laid down in the case of Fleda Jackson v. Travelers' Insurance Company, La.App., 151 So. 790; Id., 180 La. 43, 156 So. 169, and Renfrow v. Caddo Parish Police Jury, La.App., 155 So. 291, and other cases holding the same might apply; but since the rupture did not occur at such a time they are not applicable. *Page 154 
The testimony, medical and otherwise, convinces us that deceased died from natural causes and the work he was performing did not hasten his death or have any connection with it.
The judgment of the lower court is affirmed, with costs.