Otis L. Siscoe died on October 20, 1939, in Monroe, Louisiana, while in the discharge of his duties as an employee of the Monroe Steam Laundry.
His widow, Mrs. Agnes Siscoe, alleging that the husband's death was occasioned by overexertion and extreme heat while working which aggravated an existing high blood pressure condition, brings this action demanding workmen's compensation for herself and her two minor children. Named as defendants are G.B. Cooley, who operates such business under the name *Page 314 
of Monroe Steam Laundry, and his compensation insurer, St. Paul Mercury Indemnity Company.
The district court rejected the demands of plaintiff and dismissed the suit; and from the judgment she appealed.
Decedent, whose age was 56 years when death came, occupied the position of engineer with the Monroe Steam Laundry. As such he was in charge of all mechanical work there. His duties were primarily supervisory, the required heavy manual labor being performed by a negro assistant or helper named Herman Brown.
For some days prior to his death, he experienced slight dizzy spells, they having occurred once or twice a week. Because of these he consulted a physician who found that he was suffering from high blood pressure.
About 6:30 of the morning of October 20, 1939, decedent and his helper, Herman Brown, arrived together at their place of employment and immediately set about oiling the laundry's machinery. After this task was finished they engaged in installing, in a press, a dial frame or small piece of rubber about two inches long. The undertaking required only the handling of four screws and was completed before 8 o'clock.
During the remainder of the morning both worked on a boiler located outside the company's building. Brown's efforts were directed toward the removal of rust therefrom, while decedent tested its rivets by striking them with a one pound hammer.
At the noon hour they ate their mid-day meals as they sat inside the laundry's work shop.
Work was resumed at 1:10 o'clock, at which time Siscoe commenced painting the head of the boiler and Brown continued his rust removing efforts. The sun shone on them; but it does not appear that extreme and excessive heat prevailed.
Shortly before 2 o'clock decedent ceased his painting and walked into the marking room, which measured twenty feet by fourteen feet and had numerous open windows, for the purpose of determining whether or not the marking machine was available and ready for cleaning. This machinery is used in marking clothes. The weekly cleaning, made necessary by lint lodging in the type, is accomplished by the blowing of compressed air into it through a hose that is regulated by a valve.
Within ten minutes after leaving his paint job he was found in a helpless condition lying on the floor next to the marking machine. Evidently the cleaning process had not commenced, for the air valve was closed. He breathed deeply three times and then expired.
A physician, who was summoned but arrived a few minutes after death occurred, concluded that decedent died "from acute occlusion of the blood vessels to the heart, coronary vessels," or, in other words, from heart disease. This medical expert thought that one with high blood pressure should not paint a boiler in the hot sun; but he also observed that a person could die of heart disease, such as decedent had, while walking along the street.
It is stated by plaintiff's counsel in his brief, that:
"There can be no other conclusion than that this man died as a result of the exertion brought about by his working; that this exertion aggravated the heart disease or high blood pressure and caused the blood vessels in his brain to burst and caused his death."
Then he urges as being applicable here the cases of Biggs v. Libbey-Owens-Ford Glass Company, La.App., 170 So. 273, and Wright v. Louisiana Ice Utilities Company, 19 La.App. 173, 138 So. 450.
The cited authorities, we think, may be clearly distinguished from the instant controversy. In each of them the evidence showed that the heaviness of the normal work of the employee, requiring considerable physical exertion, caused a breakdown of an organ or organs already affected by progressive disease. Here it does not appear that decedent exerted any physical efforts in connection with the employment which could have aggravated the heart ailment and accelerated his death. He was performing no heavy work. Neither is it clearly shown that he endured excessive heat while discharging his duties.
It is well recognized that if excessive heat, or heavy lifting, or straining, although usual and customary, causes or contributes to a physical breakdown or accelerates its happening, the legal requirements necessary to constitute an accident are present and such cases are compensable. But compensation is not due where no causal connection exists between the employment and the complained of disability or death. Kirk v. E.L. Bruce Company, *Page 315 
La.App., 190 So. 840; Lynn v. Arkansas Fuel Oil Company, La.App., 192 So. 764; Nickelberry v. Ritchie Grocer Company et al., La.App., 199 So. 415; Id., 196 La. 1011, 200 So. 330, 333.
The Nickelberry case was considered by the Supreme Court on a writ of certiorari directed to us. It affirmed our decree; and in the course of the opinion, after announcing the above stated doctrine, it had the following to say:
"The case therefore presents a situation where the plaintiff admittedly is suffering from a disease of the heart. When the disease began, what was its origin, and the rapidity with which it has progressed, are all matters of pure speculation. The mere fact that a workman develops heart disease while employed by another does not entitle him to compensation. The employer is not the insurer of his employees. There must be an accident to furnish the basis of any such claim, that is to say, something sudden, undesigned or unexpected and that accident must either cause or aggravate the disease which is the cause of the disability."
Decedent's death, as we appreciate the evidence adduced, is not traceable to his employment with the Monroe Steam Laundry; and the demands of plaintiff were correctly rejected.
The judgment is affirmed.
DREW and TALIAFERRO, JJ., concur.