This is an action for workmen's compensation, to which defendant interposed an exception of no cause nor right of action and a plea of prescription. Both the exception and the plea were sustained by the Judge of the District Court, and judgment was rendered rejecting plaintiff's demands. From this judgment plaintiff has appealed.
The basis of the exception of no cause nor right of action is predicated upon the proposition that plaintiff did not allege an "accident" within the contemplation of the workmen's compensation statute. Act No. 20 of 1914, as amended. *Page 636 
A summary of the pertinent allegations of plaintiff's petition bearing upon this point discloses allegations to the effect that plaintiff while performing his duties as a laborer in the course of his employment became ill on September 17, 1945; that examination disclosed that he was suffering from an abscess in the upper portion of his left lung and an enlarged heart "occasioned by the great amount of dust inhaled by him while in the employment of petitioner at the power house and further by reason of his physical labor in pushing a cart"; that plaintiff was under treatment and was paid compensation until May 13, 1946, at which time he undertook to do light work for the defendant company at the suggestion of the company's doctors; that he so continued in employment until September 12, 1946, when he was "again forced to quit because of severe pains in his chest; that examination disclosed a healing of the abscess but a definite enlargement of the heart, caused by the extreme manual labor of plaintiff in the performance of his work as a laborer". Finally, Article 8 of plaintiff's petition reads as follows:
"Petitioner now alleges that he is totally and permanently disabled from the injuries received to his heart, resulting from the great amount of dust inhaled during his employment andthe heavy physical labor in pushing a cart; that he was examined by the doctors employed by the Company prior to his employment and was pronounced physically fit to do the work assigned to him; that his continued attempt to work after the injury above alleged to have received in September 1945 hasaggravated the condition of his heart and on information now alleges that his heart has become permanently affected and that he will never be able to perform any manual labor which will cause him any exertion, and for this reason alleges that he is permanently disabled to pursue the duties of his former employment with the defendant." (Italics by the Court.)
We think the Court erred in maintaining defendant's exception. The direct question here involved was discussed in the opinion of this Court in Dortch v. Louisiana Central Lumber Company, La. App., 30 So.2d 792, 796, in the course of which Judge Taliaferro made the following observation:
"It is now well settled that to constitute an accident within the meaning of the Workmen's Compensation Law in cases where the work of the claimant entails regularly heavy physical effort, it is not necessary that the injury from which disability follows be the result of unusual physical effort. If a diseased organ gives way while the laborer is performing his usual and customary heavy duties, and disability results, it is compensable. This doctrine is affirmatively established by the following cases, viz.: Jackson v. Travellers' Insurance Company et al., 180 La. 43, 156 So. 169; Renfrow v. Police Jury of Caddo Parish et al., La. App., 155 So. 291; Biggs v. Libbey-Owens-Ford Glass Company, Inc., et al., La. App. 170 So. 273; Nickelberry v. Ritchie Grocer Company et al.,196 La. 1011, 200 So. 330; Hill v. J. B. Beaird Corporation, La. App.,19 So.2d 295."
Applying the rule above stated, we think plaintiff has sufficiently alleged a basis of fact which would bring the occurrence of September 17, 1945, within the judicial interpretation of an "accident".
Proceeding to a consideration of the plea of prescription, we find that defendant urges the application of the period of one year prescription upon the ground that compensation payments to plaintiff had terminated on May 13, 1946, well more than a year prior to the filing of plaintiff's petition on September 8, 1947. While this is an obvious fact, it is nonetheless true that plaintiff has alleged a resumption of light work in the employment of defendant in accordance with the suggestion of the company doctors, in which light employment he continued until "on or about September 12, 1946".
We think it is well settled that the payment of wages either in the nature or in lieu of compensation is sufficient to interrupt the running of the period of prescription or pre-emption here relied upon. Cases on this point were commented upon in the opinion of Justice Hamiter in the Supreme Court case of Arnold v. Solvay *Page 637 
Process Company, 207 La. 8, 20 So.2d 407, in which it was observed that payments made to an employee for the performance of light services constitute a recognition by the parties that the employee had a just claim for disability benefits, and, further, that such payments interrupted the foreclosing of the employee's right to sue. This proposition is supported by pronouncements in Carpenter v. E. I. Dupont De Nemours Co., La. App., 194 So. 99, and Heard v. Receivers of Parker Gravel Company, La. App., 194 So. 142.
Consideration of the allegations of plaintiff's petition, in the light of the jurisprudence noted, constrains us to hold that the plea of prescription was also improperly sustained.
For the reasons assigned the judgment appealed from, maintaining the exception of no cause nor right of action and the plea of prescription and rejecting plaintiff's demands, is annulled, reversed and set aside, and the suit is now remanded to the Honorable the Twenty-Sixth Judicial District Court in and for the Parish of Webster for further proceedings. Costs of this appeal are taxed against defendant-appellee.