FRUGÉ, Judge Ad Hcc.
This is a suit under the Workmen’s Compensation Act, Act No. 20 of 1914, as amended. After trial, for written reasons' assigned, the District Court rendered judgment in favor of claimants in the sum of $16.65 per week for 300 weeks, beginning November 8, 1948, and for costs .and doctors’ fees. From this judgment defendants have appealed.
Edward Henderson, 57 years of age, was employed by the defendant E. L. Dalton and Company, Inc., at a weekly wage of $35.20. His work consisted of melting tar in a pot or kettle. ' The tar was in two hundred pound roils. It was necessary to chop the tar with an axe and put it in a container which was kept at a temperature of approximately 350 or 275 degrees Fahrenheit. ■ :•
On November 8, 1948, while engaged in this work he suffered a' cerebral hemorrhage. He was taken to Our Lady of the Lake Hospital where he remained for five days, after which he was advised, by Dr. McConnell, the attending physicián, to go to the Charity Hospital in New Orleans. It does not appear, however, that he went to the Charity Hospital.
After leaving the hospital in Baton Rouge, the evidence shows that he never worked again, although he passed by the place where he had been employed, and upon being asked by the foreman how he felt, said that he “wasn’t doing so good.” He was seen by Dr. McConnell. on the day he was stricken, November 8th, November 9th, November 10th, November 11th, November 12th, November 17th and 24th. He died at his home December 18, 1948, from a cerebral hemorrhage..
The question presented is, was there a causal connection between deceased’s employment activity and his resulting death?
Defendants strongly rely on the casé of Waller v. Stone & Webster Engineering Corp., La.App., 42 So.2d 872. The case a.t bar is easily distinguished from the Waller case. We agree with the Trial Judge that we do not complain of the law pronounced in the Waller case. The facts in that case are different from the case at bar. In the Waller case the deceased was employed only in a supervisory capacity with three manual laborers working under him. His main duties consisted of checking goods *112 placed or delivered by his fellow employees and under his direction. It was not a part of his regular duties to perform any manual labor himself. There the Court held that the evidence did not show that the deceased had at the time he suffered a cerebral hemorrhage done any manual labor or been subjected to any physical exertion.
In the case under our consideration we find that the Trial Judge was correct in holding that the initial cerebral hemorrhage was either caused directly by the work the deceased was doing or that the work he was doing aggravated his condition of hypertension and arterial sclerosis to such an extent as.to cause the hemorrhage. It appears to us that the evidence in .this case shows that causal connection between the deceased Henderson while performing the duties of his employment and the cerebral hemorrhage he suffered. Or to put it differently, the evidence shows that an “accident”, within the meaning of the compensation law, occurred. This finding of fact by the Trial Court, in which we concur, refutes the contention taken by defendants. We have examined the testimony of the doctors who testified in this case and we agree with the conclusions reached by the Trial Judge.
In Siscoe v. Cooley et al., La.App., 9 So.2d 313, 314 and in Lampkin v. Kent Piling Co., La.App., 34 So.2d 76, 79, the Court recognized the rule that if excessive heat or heavy lifting or straining, although usual and customary, causes or contributes to a physical breakdown or accelerates its happening, the legal requirements necessary to constitute an accident are present and ’such cases are compensable.
It is in evidence that the health of deceased prior to the hemorrhage was good or apparently so. The fact that prior to" the alleged accident he" had no ill effects from this condition, while, after working over the hot melting pot and cutting blocks of tar he sustained a cerebral hemorrhage points 'strongly to the conclusion that the manual labor he was performing accelerated the physical, breakdown.
We are of the opinion that the activity of the deceased in his employment caused or contributed to his physical breakdown or accelerated its occurrence because of preexisting condition'. We believe the plaintiffs are entitled to recover.' See Craft v. Gulf Lumber Co., 151 La. 281, 91 So. 736; Hicks v. Meridian Lumber Co., 152 La. 975, 94 So. 903; Brister v. Miller, La.App., 178 So. 284.
For reasons assigned the judgment of the District Court is affirmed with costs in all proceedings.