ELLIS, Judge.
This is a suit in which the plaintiff is seeking the maximum compensation of $30 per week for 400 weeks from his employer, Sam J. Miller, and the latter’s insurer, Coal Operators’ Casualty Company, both made defendants herein, for an alleged accidental injury on or about September 17, 1949 while operating a bulldozer for his employer and which injuries resulted in a ruptured intervertebral disc.
There was judgment in the district court in favor of the plaintiff, awarding to him compensation of $30 per week for a period not to exceed 400 weeks, with the usual judicial interest, and medical expenses not to exceed $500, the latter being reserved to plaintiff, and all costs of this proceeding.
From this judgment the defendants have appealed and assign three errors in the judgment of the District Court, namely:
“(1) The trial Court erred in holding that plaintiff proved he sustained accidental injuries on September 17, 1949.
“(2) * * * in holding that plaintiff’s disability is not the result of an occupational disease.
“(3) The judgment of the lower court was not warranted by the law and the evidence.”
The evidence in the present case is to the effect that the plaintiff was 32 years of age, had never before had a compensation claim, had no kind of trade or profession, had gone to the eighth grade in school and since that time had worked in a shipyard in Orange, Texas, and during the war was in the Merchant Marine for awhile, but since 1945 he had been continuously working as a bulldozer operator. He had done this kind of work intermittently from 1941 to 1945. On the date of his injury he was engaged in operating a bulldozer “pushing up pine stumps.” He operated one of the heaviest types of bulldozers as it took great power to root these stumps and it was necessary most of the time to back away from the stump and then come forward and hit the stump while in full forward motion. The work is described as being strenuous as well as jarring to the body, in fact, it is shown that these bulldozer operators doing this work would work and hour and rest an hour.
On or about the 17th day of September, 1948 at about 2 P. M. while engaged in his work, the plaintiff bent over to reach what is known as a steering clutch when he “experienced an aching, burning pain in my back, below my belt line, but it didn’t last but a few minutes”, and as his hour for completing his days work was almost up and he expected another operator to relieve him at any time he continued to operate the bulldozer for a short while. It is further shown by his testimony and his wife’s that the next morning, which was Sunday, he could hardly get out of ‘bed due to the fact that his back was hurting him severely. He had never had any trouble with his back before. His wife persuaded him to make an effort to go to church, which he did, and after returning home he immediately went to bed as he had a continuous pain in his back so that he could not be comfortable in any position. He remained in bed for two days, and upon realizing that there was something more wrong that he had anticipated, he arose and went to town to see Dr. Frazar, the company doctor. He continued to have pain in 'his back and down the back side of his left leg to his knee, which he testified- was present at the date of the trial.
The medical testimony, except that of Dr. Kingsley, supports plaintiff’s contention that he is totally and permanently disabled. The preponderance of the medical *511 testimony establishes the fact that plaintiff is totally and permanently disabled.
Applying the rule with regard to accidents as established in our jurisprudence applicable to the facts herein, plaintiff has proven that he sustained accidental injuries on September 17, 1949. See Rivero v. Leaveau, La.App., 45 So.2d 418; Dortch v. Louisiana Central Lumber Co., La.App., 30 So.2d 792; Jackson v. Travelers Insurance Co., 180 La. 43, 156 So. 169; Biggs v. Libby-Owens-Ford Glass Co., La.App., 170 So. 273; Hennen v. Louisiana Highway Commission, La.App., 178 So. 654; Crouchet v. George H. Leidenheimer Baking Co., La.App., 184 So. 605; Craft v. Gulf Lumber Co., 151 La. 281, 91 So. 736; Hicks v. Meridian Lumber Co., 152 La. 975, 94 So. 903; Richey v. Union Paving Co., La.App., 151 So. 657; Hill v. J. B. Beaird Corp., La.App., 19 So.2d 295; Behan v. John B. Honor Co., Ltd., 143 La. 348, 78 So. 589, L.R.A.1918F, 862; Becton v. Deas Paving Co., 3 La.App. 683.
As to the second error assigned, the case of Harris v. Southern Carbon Co., La.App., 162 So. 430, 431, upon which the District Court relied, defines an “occupational disease” as one “which is not only incident to, but natural, usual, and ordinary result of, employee’s occupation”.
In Glover v. Fidelity & Casualty Co., La.App., 10 So.2d 255, it is stated that an occupational disease “is not one that develops within a few days after the employee is exposed to a condition, and if conditions under which employee is required to work are so injurious to health as to produce symptoms which are apparent on the second day, it cannot be classed as occupational.”
In Mitchell v. Department of Highways, La.App., 27 So.2d 646 it is stated:
“An ‘occupational disease’ is one wherein the accumulative effect of the employee’s continued absorption of deleterious substances from his environment ultimately results in manifest pathology and it is defined as a disease happening drop by drop, day after day, for weeks and months and finally enough is accumulated to produce symptoms.”
Under the facts and jurisprudence cited supra, plaintiff’s disability is not the result of an “occupational” disease.
While it is true that the medical testimony reveals that plaintiff had a congenital weakness in his back, this, of course, cannot defeat recovery as the evidence clearly shows that plaintiff’s disability was the result of the strenuous efforts in performing the duties of his employment which caused or contributed to a physical breakdown or injury to his back, more than likely because of the pre-existing congenital defect.
The district court was correct in holding that plaintiff suffered an accidental injury which was not occupational and that his disability was permanent and total and, therefore, the judgment of the District Court is affirmed.