TATE, Judge.
Mrs. Evelyn Goins tripped on some loose wire on the porch of her daughter’s home. She fractured her knee. Mrs. Goins and her husband sue their son-in-law’s liability insurer (“State Farm”) for the damages sustained.
After trial by jury, Mrs. Goins was awarded $10,000 general damages and her husband $5,000 special damages. State Farm appeals. The plaintiffs answer the appeal to request an increase in their awards.
By its appeal, State Farm principally contends (a) that the balled-up wire did not constitute a hidden or unreasonable hazard and (b) that, at any rate, Mrs. Goins was contributorily negligent in not observing and avoiding this obvious obstacle in her path.
The parties are in agreement that Mrs. Goins was an invitee. The facts are relatively undisputed, although the parties disagree as to whether they show negligence or contributory negligence.
These facts, most favorably to the plaintiffs, are:
The son-in-law had placed a television lead-in antenna wire strip over his roof and through a window on the front porch. This wire was close to the wall until it entered the window, and the upper end above the window was relatively indistinguishable from the red-brown brick wall.
The son-in-law had ordered about ten feet of slack in this antenna wire, in order to permit moving the television set around in the living room. This slack was supposed to be balled up inside the room behind the set. However, at least a portion of this slack had worked outside the window and lay underneath it, near the wall on the concrete slab porch.
The slab porch was whitish-colored, elevated four inches above ground level. It was eight feet wide. The antenna wire was brown and about a half inch wide. It was curled almost flat underneath the window on the porch floor. It protruded perhaps a foot from the wall. The accident occurred when Mrs. Goins, after going to the front door, and finding it locked, proceeded along the porch to go in by a side door. She was going to deliver some buttons on her way to work. She did not see the wire until it “grabbed” her, causing a fall and serious injuries.
The parties are in agreement that the legal principles applicable are as set forth in Levert v. Travelers Indemnity Company, La.App.3d Cir., 140 So.2d 811, 813, as follows:
“The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. * * *
“On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant.upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it.”
The plaintiffs argue that the defendant’s insured was negligent in leaving the curled wire on the porch, because it created a foreseeable and unreasonable danger to users of the porch — one which served no utility and which could easily have been avoided by taking or otherwise securing the wire. For purposes of argument only, we will accept these contentions as correct, although we expressly do not so hold.
Nevertheless, we find that the preponderant evidence shows that Mrs. Goins *437 was contributorily negligent, under the circumstances, in failing to observe and to appreciate this hazard to her use of the porch as a travel-way to reach the side of the house. We do so, even though we do accept Mrs. Goins’s testimony that she had never before had occasion to be aware of the loose wire, since she usually entered the house through the side door in the carport.
The circumstances we rely upon in so holding include:
The accident happened in daylight, at 9:00 A.M. one December morning. The concrete porch was light-colored. Under the evidence, the brown rather broad antenna wire strips were fully apparent.
Also, the hazard was presented in the environment of a home, rather than in that of a business place where preparations for safe access by public traffic might be more expected and relied upon by a user. Furthermore, the hazard was presented on a porch where the bric-a-brac of everyday life might be expected (toys, flower pots, etc.) and should be observed for.
Under these particular circumstances, the invitee was not entitled to walk blindly across this part of the house-area without looking for and observing an imperfection or obstacle readily apparent through the use of ordinary care. No reason is shown by the evidence to excuse Mrs. Goins’s failure to see this obvious obstacle in her path and to avoid tripping over it.
We are aware that, in so holding, we are reversing a trial jury’s determination to the effect that the defendant did not bear its burden of proving contributory negligence on Mrs. Goins’s part. We are further aware that such determination is factual in nature and should not be disturbed in the absence of manifest error; if our standard of review were the same as in common-law jury trial, for instance, we could not reverse on the ground that Mrs. Goins was negligent as a matter of law rather than of fact.
However, under the Louisiana Constitution, Art. VII, Section 29, on appeal we must review the trial court’s determinations of fact as well as of law. Reluctant as we are to disturb the trial jury’s determination on this factual issue, we must nevertheless, in the performance of our constitutional duty, hold that the trial jury committed manifest error under the facts shown by this record in not finding that the preponderance of the evidence shows Mrs. Goins to be contributorily negligent because she failed to observe and to appreciate what was, at the time and under the circumstances, an obvious and easily avoided hazard to her passage.
Finding that the contributory negligence of Mrs. Goins constitutes a proximate cause of the accident, causing her injuries and the damages sought by the plaintiffs, we must reverse the trial court judgment in their favor and dismiss this suit. All costs are assessed against the plaintiffs-appellees.
Reversed.
On Application for Rehearing.
En Banc. Rehearing denied.