226 So.2d 772

Evelyn GOINS et vir

v.

STATE FARM FIRE AND CAS-
UALTY COMPANY.

No. 50025.

Oct. 8, 1969.

In re: Oliver Goins and his wife Evelyn Goins applying for certiorari, or writ of review, to the Court of Appeal, Third Circuit, Parish of Vernon. 223 So.2d 435.

Writ refused. On the facts found by the Court of Appeal there appears no error of law in its judgment.

■

226 So.2d 772

Laura T. FRAME, Individually and for and on behalf of the Minors Annie Lillian Frame, Stacy Lynn Frame and Earl Edward Frame, Jr.

v.

Billy MAJORS and the Travelers Insurance Company.

No. 49954.

Oct. 8, 1969.

In re: Laura T. Frame, etc., applying for certiorari, or writ of review, to the

Court of Appeal, Third Circuit, Parish of St. Landry. 224 So.2d 65.

Writ refused. On the facts found by the Court of Appeal there appears no error of law.

FOURNET, C. J., and BARHAM, J., are of the opinion a writ should be granted in this case. The appellate court obviously failed to properly apply the law to the facts.

We agree the sting of the insect that occurred during the course of decedent's employment did not cause the thrombosis from which he died. However, the facts clearly show, as testified to by defendant's expert, Dr. Harvey, the stenosis from which the employee suffered at the time of the accident was *aggravated* by the "sting" to such an extent paralysis resulted, continuing until death. The operation that brought on the thrombosis that caused the death was performed to relieve the pressure on the affected artery, and, in this manner, to relieve the paralysis. In other words, the paralysis was the direct result of the accident and the operation undertaken to relieve the paralysis caused the thrombosis that resulted in the employee's death. See, Behan v. John B. Honor Co., 143 La. 348, 78 So. 589, L.R.A. 1918 F., 862; Jackson v. Travelers' Ins. Co., 180 La. 43, 156 So. 169; Hemphill v. Tremont Lbr. Co., 209 La. 885, 25 So. 2d 625; and Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816.