CULPEPPER, Judge.
This is a suit for damages for personal injuries sustained by a social guest in a private home. The district judge preter-mitted the question of the homeowners’ negligence and held plaintiffs’ recovery was barred by contributory negligence. Plaintiffs appealed.
There is little dispute as to the facts. One morning at about 8 o’clock the plaintiff, Mrs. Joanne Dugas, went to visit in the home of her neighbor, Mrs. Tinas Menard, the defendant’s insured. They were close friends and visited each other frequently.
When Mrs. Dugas entered the kitchen-dining room combination, several people were sitting around the dining table. Only one chair was vacant. It was in the space of about 1 x/<¿ feet between the table and the wall. As she approached the chair, Mrs. Dugas turned around and stepped back, intending to sit down. A small child’s rocking chair was on the floor in front of and partially beneath the chair in which she was attempting to sit. When she sat down, she struck the back posts of the small rocking chair, which protruded about 5 inches above the seat of the larger chair. Plaintiff sustained serious injuries to her back.
No one knew who placed the small rocking chair in this position or how long it had been there. Two little grandchildren lived in the home with the Menards and similar toys were scattered about the house. As a frequent visitor in the home, Mrs. Dugas was aware of these circumstances.
The room was lighted and the rocking chair was clearly visible, although partially beneath the larger chair. The reason Mrs. Dugas did not see the rocking chair was that she had turned around to back into the space between the table and the wall, and she did not look down in back of her. If she had looked, she could have seen the hazard.
The applicable law is succinctly stated in Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App. 3rd Cir. 1962) as follows:
“The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.
*323 “[4] On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it.” (citations omitted)
In the recent case of Goins v. State Farm Fire & Casualty Company, 223 So.2d 435 (La.App. 3rd Cir. 1969) we applied these rules where a social guest tripped on a loose wire on the porch of her daughter’s home. Holding the guest contributorily negligent, we stated:
“Also, the hazard was presented in the environment of a home, rather than in that of a business place where preparations for safe access by public traffic might be more expected and relied upon by a user. Furthermore, the hazard was presented on a porch where the bric-a-brac of everyday life might be expected (toys, flower pots, etc.) and should be observed for.
“Under these particular circumstances, the invitee was not entitled to walk blindly across this part of the house-area without looking for and observing an imperfection or obstacle readily apparent through the use of ordinary care. No reason is shown by the evidence to excuse Mrs. Goins’s failure to see this obvious obstacle in her path and to avoid tripping over it.”
There is a serious question as to whether the home owners had actual or constructive knowledge of the hazard. Nevertheless, even assuming they were negligent, it is clear that Mrs. Dugas was guilty of contributory negligence which bars recovery. This was not a hidden danger or trap. It was an easily seen obstacle, normally to be expected in a home where plaintiff knew there were small children. Mrs. Dugas failed to use reasonable care for her own safety when she turned around and backed toward the chair and sat down without first looking to see whether there was anything in front of or on the seat which might cause her injury. We find no error in the conclusion of the trial judge that she was contributorily negligent.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellants.
Affirmed.