CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained when he stepped on a beer can and fell at the swimming pool of an apartment complex owned by defendant, Calcasieu Savings & Loan Association. A jury awarded plaintiff $4,274.20. Defendant appealed.
The decisive issue is whether plaintiff was contributorily negligent in failing to see the beer can.
The facts are that plaintiff and a friend, Dean Hinton, who were teenagers at the time, were visiting Lynette Gilmore and Glynnis Gilmore, teenage daughters of Mr. John Gilmore, who was a tenant in the complex. Plaintiff changed to his swimming suit in the apartment and went down stairs to the pool. He had been swimming and diving for five or ten minutes when the accident occurred about 4:00 p. m. The evidence is not clear as to whether *605 any other persons were using the pool, and no issue is raised in this regard.
The pool runs north and south, with the diving board on the north end and a ladder on the west side. Plaintiff testified he used the ladder to get out of the pool. He then walked toward the diving board. At a point on the west side of the board, he stepped on an empty beer can, causing him to fall on the board and fracture his jaw.
Although he had used the diving board several times, plaintiff did not see the can before the accident. He admits there was nothing to obscure his vision of the can. He testified repeatedly that the can could not have been under the board, because he did not place either of his feet under the board as he walked. Plaintiff could give no explanation as to why he did not sse the can. He said “I was watching where I was going”. But he did not see the can.
Lynette Gilmore and Dean Hinton were on the second floor balcony on the west-side of the pool, about opposite the ladder. They were watching plaintiff swim and dive. Both testified, contrary to plaintiff, that he emerged from the pool on the north end near the west side. Then he walked to the side of the board and stepped on the can. These witnesses saw the can before the accident. They say it was in clear view and was not under the board or behind the bracket.
Dean Hinton suggested plaintiff did not see the can because it was near one of the chrome colored metal brackets, upon which the board was mounted. There is no evidence to show the can was of a color similar to the bracket. These brackets were made of about l]/2 inch metal pipe. There was one at the rear of the board and one about at the center. The brackets extended two or three inches on each side of the board. The board was on top of the brackets and about one foot above the concrete paving which surrounded the pool.
Despite Dean Hinton’s suggestion as to why plaintiff did not see the can, the fact remains that both Hinton and Lynette Gilmore say the can was in clear view and that they saw it before the accident. If these two witnesses were able to see the can so clearly from their position on the second floor balcony, there is no reason why plaintiff could not have seen it, particularly since all of the witnesses agree the can was not under the board nor behind the bracket.
We find it immaterial whether plaintiff exited the pool via the ladder, as he testified, or at the north end, as the two eye witnesses testified. In either event plaintiff had ample opportunity to see the can.
The evidence does not show how or when the can was placed near the board. There is some evidence that tenants and guests often drank beer around the pool. But we find this issue also is immaterial, since regardless of how the can got there or how long it had been there plaintiff should have seen it.
In Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App. 3rd Cir. 1962), we stated the applicable law as follows:
“The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.
“[4] On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordi *606 nary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it.” (citations omitted)
In the recent case of Dugas v. Allstate Insurance Company, 268 So.2d 321 (La.App. 3rd Cir. 1972), we quoted the above rules from Levert and held that a social guest in a home was contributorily negligent where she struck the back post of a small child’s rocking chair while attempting to sit down in a chair at a table. The rocking chair was easily observable and normally to be expected in a home where plaintiff knew there were small children.
In Siau v. Rapides Parish School Board, 264 So.2d 372 (La.App. 3rd Cir. 1972) writ of certiorari refused, we held a high school student contributorily negligent where he struck a javelin sticking in the ground while running on the grassy infield adjacent to a cinder tract. We emphasized the rule that “while one is not required to look for hidden dangers, he is nevertheless bound to proceed with his eyes open and to observe his course to see what is in his pathway.”
In Masters v. State Farm Insurance Company, 266 So.2d 508 (La.App. 4th Cir. 1972) the court ■ held a social guest in a home contributorily negligent where she tripped over an electrical cord while walking across the concrete slab of a porch and conversing with the homeowner.
Of course, each of these slip and fall cases depends on its own facts, and there are those which hold the plaintiff free of contributory negligence. For instance, in Spriggins v. Broadmoor Esso Service Center, 263 So.2d 365 (La.App. 4th Cir.1972) the court found plaintiff free of negligence where she tripped over a tow chain between two automobiles at a service station. The rationale of the opinion is that the tow chain was small, unexpected and difficult to see. Also, in Brown v. State Farm Fire & Casualty Company, 252 So.2d 909 (La.App. 2d Cir. 1971) the court found a guest in a home free of contributory negligence where she stepped on a rock as she was proceeding up four steps to the rear door during hours of darkness.
We conclude the present case clearly falls within the rule that the invitee assumes all normally observable risks attendant upon the use of the premises and that he is bound to proceed with his eyes open and to observe his course to see what is in his pathway. Similar articles are normally to be expected around a swimming pool. The beer can was in clear view. It was seen before the accident by Dean Hinton and Lynette Gilmore from the second floor balcony beside the pool. If these two could see it, there is simply no explanation in the record as to why plaintiff should not also have seen it.
Having concluded that plaintiff is guilty of contributory negligence barring his recovery, it is unnecessary for us to consider the other defenses urged.[1]
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendants rejecting plaintiff’s demands at his costs. All costs of this appeal are assessed against the plaintiff appellee.
Reversed and rendered.
WATSON, J., concurs and assigns written reasons.

. Other defenses are: (1) There was no negligence on the part of Reniauer Real Estate Corporation, which had a contract with the owner to manage and maintain the apartment complex.
(2) Any such negligence was not imputable to the owner, since Reniauer was an independent contractor.