311 So.2d 629 (1975)
Gelia AINSWORTH, Plaintiff-Appellant,
v.
INTERNATIONAL PAPER COMPANY, Defendant-Appellee, and
Tremont Lumber Company and M. A. Green, Defendants.
No. 4956.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
*630 Parker & Parker by Elodie K. Parker, and Wm. Henry Sanders, Jena, for plaintiff-appellant.
McLure & McLure by John G. McLure, Alexandria, for defendant-appellee.
Before FRUGE, CULPEPPER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Plaintiff, Gelia Ainsworth, appeals a district court judgment granting a motion for summary judgment filed on behalf of International Paper Company, one of the defendants in this personal injury suit.
The record reflects that on September 25, 1973, the plaintiff was injured while gathering green pine cones on land owned by International Paper Company (International) at an area where timber cutting operations were in progress. The injuries occurred when a falling pine tree, cut by loggers, hit a nearby oak tree, the latter breaking and striking the plaintiff.
Plaintiff initially filed suit alleging essentially: that on the above mentioned date he was gathering pine cones, "for his own use", on land owned by International, with the company's permission and consent; that M. A. Green, a logging contractor, was engaged in felling the trees and was the agent of International; that plaintiff was injured due to Green's negligence (which included not warning the plaintiff of the falling tree and permitting the plaintiff to remain near the dangerous operations); and that International and Green were liable in solido.
A supplemental and amending petition alleged individual liability on the part of International for conducting hazardous activities on its land and failure to warn plaintiff of the danger.
Subsequently, International filed a motion for summary judgment (with an attached affidavit by Malcolm Lee, International's timberland supervisor) on the grounds that Green was not an agent or employee of International at the time of the accident, but rather was cutting and hauling timber as a subcontractor of Tremont Lumber Company, who had purchased the right to remove certain timber on the lands in question from International.
The only "opposing affidavit" filed on plaintiff's behalf was a statement by plaintiff himself that defendantInternational or its subcontractor caused the tree to fall and strike the plaintiff and that International was conducting a dangerous activity on said land, yet failed in its duty to warn the plaintiff of the dangers or warn its subcontractor of plaintiff's presence.
Plaintiff later filed a second supplemental and amending petition alleging essentially that International failed to warn its business invitees of the dangers involved; that if not solely liable, International was liable in solido with Green and Tremont Lumber Company (named as additional defendant in this amended petition), since it was landowner and engaged in a contractural agreement for cutting the timber; and that Green was cutting and hauling timber for Tremont Lumber Company, the latter being an agent, employee, or subcontractor of International.
Plaintiff's deposition was also taken on behalf of the defendantInternational in *631 support of its motion for summary judgment. Therein the plaintiff made certain clarifying statements including the following: that he had engaged in this activity before and was familiar with it; that he did not have the permission of International or anyone else to come on the land and pick up pine cones, nor did he know that it was required; that he was aware the loggers were cutting timber and for that reason went to the area to see if he could get pine cones; that there were a number of competing persons for the pine cones; that he was aware tree falling operations were being conducted in his immediate vicinity prior to his injury; that he heard the loggers sawing the tree that fell and eventually caused his injury; that he even heard the tree falling but thought he was out of the way; and finally, that the loggers did not warn him by shouting "timber!"
DefendantInternational answered the original and supplemental petitions denying liability and alternatively pleading contributory negligence on the part of the plaintiff.
Subsequent thereto the trial judge, in considering the motion, reviewed the pleadings, the affidavit in support of the motion, the counter affidavit, and plaintiff's deposition. In concluding defendantInternational was entitled to be granted its motion for summary judgment, the trial judge ruled essentially that plaintiff's counter affidavit was insufficient and did not contradict defendantInternational's affidavit that neither Green, nor Tremont Lumber Company, were agents or employees of International. He further held that International as landowner did not owe a duty, under the circumstances present, to warn the plaintiff of the hazards involved, especially in view of the knowledge possessed by plaintiff when injured.
From the foregoing, it is evident that the trial judge was correct in sustaining the motion for summary judgment.
Clearly, no genuine issue of material fact existed as presented by the pleadings, affidavits, and deposition. The only question remaining therefore was whether under these undisputed facts the defendant would have been liable as a matter of law.
The trial court found no agency or employer-employee relationship existing between International and Green or Tremont Lumber Company. We agree. As a result the landowner (International) is not responsible for the alleged negligence of the independent contractors. Stoute v. Mobil Oil Corporation, 297 So.2d 276 (La.App. 3rd Cir. 1974), writ refused 300 So.2d 839 (La.1974); Henson v. Travelers Insurance Company, 208 So.2d 366 (La.App.1st Cir. 1968), writ refused 252 La. 174, 210 So.2d 55 (1968); Matthews v. Southern Amusement Co., 199 So.2d 403 (La.App.3rd Cir. 1967); Crutti v. Frank, 146 So.2d 474 (La.App.4th Cir. 1962).
Additionally, at most, the plaintiff was an invitee on the premises of International and the company's resulting duty was only to correct or warn him against dangers not known to the invitee or those which were not so obvious and apparent that the invitee would be reasonably expected to discover. Mouton v. Vanguard Ins. Co., 293 So.2d 604 (La.App.3rd Cir. 1974). Herein the plaintiff knew of the logging operations, which involved trees being cut and falling in the immediate vicinity where he was gathering pine cones, and knew or should have known of the dangers inherent therewith.
For the above and foregoing reasons the judgment of the trial court dismissing plaintiff's suit against International is affirmed at plaintiff-appellant's costs.
Affirmed.